## CIRCUIT COURT OF THE CITY OF RICHMOND

Lorraine Winston

v.

K Mart Corporation

September 15, 1992

Case No. LU-1439–4

BY JUDGE RANDALL G. JOHNSON

Plaintiff filed this action on April 8, 1992. In her original motion for judgment, plaintiff alleged that on April 19, 1988, defendant caused an arrest warrant to be issued against plaintiff for writing a bad check. Approximately two months later, defendant sent to plaintiff a notice telling her that the check had been returned and notifying her that she had seven days within which to pay the amount of the check. Immediately upon receipt of the notice, plaintiff paid the amount of the check plus incidental charges, which payment was accepted by defendant. More than three years later, however, on July 8, 1991, plaintiff was arrested on the April, 1988, warrant. The charge was dismissed in court. The motion for judgment alleged that defendant "negligently and carelessly failed to notify the Henrico County Police authorities that the plaintiff had paid the check in accordance with the letter from the defendant giving her seven days to do so" and sought damages in the amount of $25,000.

Defendant demurred to the motion for judgment arguing that there was no common law or statutory duty on defendant to notify the authorities that plaintiff had paid the check. Agreeing that the facts alleged in the motion for judgment were not sufficient to state a cause of action for negligence, the court sustained the demurrer but granted leave to plaintiff to file an amended motion for judgment, and an amended motion for judgment was filed on July 29th. Defendant has again filed a demurrer and has also filed a plea of the

statute of limitations. For the reasons which follow, both the demurrer and statute of limitations plea will be overruled.

## 1. *Statute of Limitations*

Plaintiff's amended motion for judgment alleges the same basic facts as her original motion for judgment and again seeks damages in the amount of $25,000. Rather than asserting that those facts make out a cause of action for negligence, however, plaintiff now alleges a cause of action for malicious prosecution. Defendant argues that since plaintiff is now asserting a new cause of action, the amendment does not relate back to the original filing. Thus, according to defendant, Virginia's one-year statute of limitations applicable to malicious prosecution actions, Va. Code § 8.01–248, bars plaintiff's suit since the amended motion for judgment was filed more than one year after the criminal charge was dismissed.[1] In support of its position, defendant cites the recent case of *Vines v. Branch*, 244 Va. 185, 418 S.E.2d 890 (1992). While I agree that *Vines* is controlling, I disagree with defendant's interpretation of it.

In *Vines v. Branch*, Irene Vines filed a motion for judgment alleging that she had purchased a car with a cashier's check she obtained from a bank loan. The check was delivered to the seller by Regina Vines Branch. Without Vines's knowledge, Branch titled the car in her own name and retained possession of the car. Vines further alleged that she, Vines, did not have a driver's license and that Branch had promised to teach her how to drive and had offered to drive her back and forth to the grocery store and doctors' appointments as needed, so Vines permitted Branch to "maintain custody" of the car. When Branch stopped providing Vines with transportation, Vines asked her to return the car. Branch refused. Vines's suit followed. Finding that the motion for judgment alleged "a tort action for the recovery of personal property" which was governed by the one-year limitation of Va. Code § 8.01–248, the trial court sustained Branch's plea of the statute of limitation but allowed Vines to amend her motion for judgment.

---

[1] *See* Va. Code § 8.01–249(3), which provides that a cause of action for malicious prosecution accrues when the relevant criminal or civil action is terminated. At oral argument, the parties agreed that in this case, the proceedings were terminated prior to July 29, 1991.

The amended motion for judgment alleged both breach of an oral contract and continuing trespass to personal property. In the count alleging breach of contract, Vines asserted that she and Branch:

> entered into an oral contract whereby [Branch] promised to teach Irene Vines how to drive her car and to drive her back and forth to the grocery store and doctors' appointments as needed, and in return and in consideration for this promise, Irene Vines agreed to [give Branch] temporary custody and use of the vehicle.

244 Va. at 186.

> In the count alleging trespass, Vines asserted that the actions:

> of Regina Vines Branch constitute an injury of a continuous trespass to the personal property of Irene Vines, and thus this action, having been filed within five years of the titling and registration of the automobile in the name of Regina Vines Branch rather than in the name of the rightful owner, Irene Vines, is actionable pursuant to § 8.01–243(B) of the Code of Virginia as amended.

*Id.*

Defendant filed a motion to dismiss, contending that both counts of the amended motion for judgment were barred by the statute of limitations. The trial court agreed and dismissed the case. On appeal, the Supreme Court reversed on the trespass count for reasons unrelated to the case at bar but affirmed as to the contract count. Specifically, the Court said:

> *The general rule in this Commonwealth is that amendments will be permitted where they seek determination of the same subject matter of the controversy originally pleaded.* Amendments will not be allowed, however, when they raise a new substantive cause of action which is different from that which the plaintiff asserted when he or she first filed the action. *New River Min. Co. v. Painter*, 100 Va. 507, 510, 42 S.E. 300, 301 (1902). In *Painter*, the original pleadings alleged that the defendant negligently had allowed water, sediment, and mud to be thrown upon the property of the plaintiff. In the amended pleadings, the plaintiff alleged an unlawful, rather than negligent, act and contended that the defendant had committed a trespass on his property. The Court held that the amendment did not allege a new substan-

tive cause of action because the injuries complained of in both the original and the amended declaration were the same; thus, the amendment "only varied the mode of demanding the same thing — that is, damages done the same property by the same causes." 100 Va. at 511, 42 S.E. at 301–02.

In the case before us, Vines's assertion of a breach of contract does more than merely *"vary the mode of demanding the same thing."* In the original motion for judgment, Vines sought money damages in the amount of $9,341.40 plus interest and punitive damages flowing from Branch's refusal to return the car after being requested to do so. In the contract action, however, Vines sought: (1) either return of the car or money damages in the amount of $9,341.40 plus interest; and (2) an additional $10,000 in damages for the loss of the use of the automobile. These "contract" damages allegedly resulted from Branch's breach of her agreement to provide Vines transportation and driving instruction, as well as her failure to return the car.

As this Court stated in *Irving v. Barrett*, 119 Va. 587, 89 S.E. 904 (1916), "It has been declared to be a fair test in determining whether a new cause of action is alleged in an amendment, to inquire if *a recovery had upon the original complaint would be a bar to any recovery under the amended complaint*, or if *the same evidence would support both*, or if *the same measure of damages if applicable."* Id. at 591, 89 S.E. at 905 (citation omitted). Here, recovery by Vines on her original allegation would not bar her from recovering damages for Branch's breach of her agreement to provide transportation and driving lessons. The evidence required to support the original allegation would not be sufficient to support the amended allegation. Moreover, a different measure of damages would apply in the amended motion for judgment. Thus, we conclude that Vines's breach of contract allegation is a new substantive cause of action.

Where an amendment introduces a new cause of action and makes a new or different demand not introduced in the original motion for judgment, the amended action will not relate back to the beginning of the action so as to toll the statute of limitations. Instead, the amended action becomes

the equivalent of a different suit, and the statute continues to run until the amendment is filed. *Irvine*, 119 Va. at 592, 89 S.E. at 906. Based on these principles, we hold that Vines's breach of contract allegation is barred by the three-year limitation of Code § 8.01–246(4).

244 Va. at 188–89 (Emphasis added).

I conclude that based on the above analysis, the amended motion for judgment in the case at bar *does* relate back to plaintiff's initial filing.

Unlike *Vines*, the amended motion for judgment in this case *does* "seek determination of the same subject matter of the controversy originally pleaded." Moreover, "a recovery had upon the original complaint would be a bar to any recovery under the amended complaint . . . the same evidence will support both . . . [and] the same measure of damages is applicable." In sum, plaintiff's assertion of malicious prosecution rather than negligence merely "var[ies] the mode of demanding the same thing." Indeed, in *New River Min. Co. v. Painter*, cited with approval in *Vines*, the Court stated:

> If the plaintiff in the amended declaration is attempting to assert rights and to enforce claims arising out of the same transaction, act, agreement or obligation, *however great may be the difference in the form of liability as contained in the amended from that stated in the original declaration*, it will not be regarded as for a new cause of action. In such cases, the original and amended declarations and the count or counts in each are regarded as variations in the form of liability to meet the possible scope and varying phases of the testimony, which is one of the very objects and purposes of adding several counts and of making amendments to a declaration.

100 Va. at 510 (emphasis added, citations omitted).

And it must also be noted that in *Painter*, just as in the case at bar, plaintiff had originally pleaded negligence, then amended to allege something else. The Court held that the amendment related back. I make the same holding here. Accordingly, defendant's plea of the statute of limitations is overruled.

### 2. *Demurrer*

Defendant's demurrer asserts that the amended motion for judg-

ment "does not state the elements of such a cause of action nor . . . the facts to support such a cause of action." The demurrer also states that to the extent the amended motion for judgment "seeks to state some other cause of action" than malicious prosecution, it does not do so. Since the court does not read the amended motion for judgment as seeking to state a cause of action for anything other than malicious prosecution — indeed, the amended motion for judgment specifically states that all of plaintiff's injuries were caused by "the malicious prosecution of the defendant" — the second ground of defendant's demurrer is unnecessary and irrelevant. With regard to the first ground, there are four elements which must be pleaded and proved in a malicious prosecution action: (1) a prosecution set on foot by the now defendant which terminated in a manner not unfavorable to the now plaintiff; (2) that the prosecution was instituted or procured by the cooperation of the now defendant; (3) that the prosecution was without probable cause; and (4) that the prosecution was malicious. *See, Wiggs v. Farmer*, 205 Va. 149, 152, 135 S.E.2d 829 (1964). Since each of these elements has been pleaded here, and since that pleading must be taken as true on demurrer, defendant's demurrer is overruled.