## Staunton.

## IRVINE v. BARRETT.

### September 11, 1916.

1. LIBEL AND SLANDER—*Innuendo.*—An innuendo cannot enlarge the meaning of words. If the words are not actionable in themselves, or as explained by the extrinsic facts alleged, the innuendo cannot attribute to the words a meaning which they will not bear.

2. LIMITATION OF ACTIONS—*Commencement of Action—Failure to Establish—Amendments.*—An original action is inherently necessary to arrest the running of the statute of limitations, and if that is not sustained there is nothing upon which an alleged cause of action set up in an amended declaration can operate so as to make it relate back.

3. LIBEL AND SLANDER—*Separate Slanders—Separate Causes of Action.*—No matter on how many separate occasions one may utter slanderous words about another (though all may refer to the same transaction) each slander constitutes a new cause of action, and this is *a fortiori* true where the subsequent slanderous words are essentially different from those spoken in the first instance, and on another occasion and to another person. In such case if separate actions are brought on the several causes of action, the judgment in one cannot be pleaded in bar of the other.

4. LIMITATION OF ACTIONS—*Amendment of Pleadings—New Cause of Action.*—Though the courts of this jurisdiction are extremely liberal in allowing amendments of pleadings, the amendment will not be permitted to introduce a substantive cause of action different from that declared on in the original declaration, so as to cut off the running of the statute of limitation from the institution of the original action. As to the amendment in such case, the statute runs until its filing.

Error to a judgment of the Circuit Court of Russell county in an action of trespass on the case in slander. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*H. L. Kidd, H. A. Routh, Greever, Gillespie & Divine* and *G. B. Johnson,* for the plaintiff in error.

*Finney & Wilson, J. E. Duff* and *S. H. Sutherland,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

In a common law action for slander M. L. Barrett recovered the judgment under review for $3,000 against C. C. Irvine.

For several years prior to this litigation the plaintiff and defendant had been engaged as partners in the mercantile business, by the general terms of which the defendant furnished the capital and the plaintiff conducted the business. The partnership was dissolved on September 10, 1910. The action was brought to February rules, 1913, and the alleged slanderous words attributed to the defendant were: "The business is short about $1,500.00 which I have never been able to account for; meaning thereby to charge that plaintiff in his conduct of the mercantile business aforesaid had been guilty of fraudulent, dishonest and dishonorable conduct  .  .  "

The court sustained a demurrer to. the declaration, on the ground that it did not allege any amount of damages, but, on motion of the plaintiff, gave leave to amend at bar, which was accordingly done. On December 13, 1913, the defendant again demurred to the declaration on the ground that the words spoken, as alleged in the declaration, were not actionable, and the court sustained that demurrer, but again, on motion of the plaintiff, gave leave to amend, and the case was remanded to rules. At February rules, 1914, plaintiff filed his second amended declaration in which

the words declared on are identical with those contained in the original and first amended declaration, the amendment only going to the innuendo, that the language employed meant that the plaintiff "tried to steal $1,200.00 from me  .  .  , to beat me out of $1,500.00  .  . "

The action of the court in sustaining the last mentioned demurrer was an adjudication that the language upon which the original action was founded, "The business is short about $1,500.00 which I have never been able to account for," was not actionable *per se;* and the rule seems well settled that "An innuendo cannot enlarge the meaning of words. It is universally agreed that if the words are not actionable in themselves, or as explained by the extrinsic facts alleged, the innuendo cannot attribute to the words a meaning which they will not bear." 18 Am. & Eng. Ency. of Law, 984; *Mosely* v. *Moss*, 6 Gratt. (47 Va.) 534; *Hogan* v. *Wilmoth*, 16 Gratt. (57 Va.) 80; *Hansbrough* v. *Stinnett*, 25 Gratt. (66 Va.) 495; *Harman* v. *Cundiff*, 82 Va. 239; *Payne* v. *Tancil*, 98 Va. 262, 35 S. E. 725; *Moss* v. *Harwood,* 102 Va. 390, 46 S. E. 385.

The third amended declaration (upon which the case was tried) was filed at August rules, 1914. It consisted of two counts. For the first count plaintiff adopted the second amended declaration, and the alleged slanderous words declared on in the second count are these: "He beat me out of $1,000.00 to $1,500.00. He tried to steal $1,200.00 from me. He failed to account to me for $1,000.00 which I put in the business."

Defendant demurred to this declaration and to each count thereof, and, the court having overruled the demurrer, he then filed pleas of not guilty, the statute

of limitations and justification, and upon the trial of those issues the verdict and judgment complained of were rendered.

The view that we take of the case on the merits being conclusive, we shall confine our examination to the court's action in overruling the defendant's motion to set aside the verdict as contrary to the law and the evidence.

No witness testified that the defendant spoke the words imputed to him in the original and first count of the third amended declaration, and the third amended declaration was not filed until some eighteen months after the institution of the suit. So that the original action, which ultimately failed for want of proof, could not have operated to stay the running of the statute of limitations; and there was no other cause of action than that alleged in the first declaration which accrued within twelve months prior to the institution of the suit upon which to graft the alleged slanders set out in the second count of the amended declaration. An original action is inherently necessary to arrest the running of the statute of limitations, and that not having been sustained, there was nothing upon which the alleged cause of action in the second count of the third amended declaration could operate. For that reason, if for none other, the right of action on the slanderous words imputed to the defendant in the second count were barred by the statute of limitations.

But we are disposed to hold that the words ascribed to the defendant in the second count, if actionable at common law, are so dissociated from the non-actionable words found in the original declaration as to constitute a new cause, or new causes, of action. They do not purport to have been spoken at the same time and place or to the same person, and could not have been

intended merely to amplify the langauge imputed to the defendant in the original declaration with the view of setting out the same cause of action in different phrase. Indeed, the words imputed to the defendant in the second count were not even known to the plaintiff until the year following the bringing of the original action. It would seem plain on principle that no matter on how many separate occasions one may utter slanderous words about another (though all may refer to the same transaction) each slander constitutes a new cause of sction. *A fortiori* must that be true where the subsequent slanderous words are essentially different from those spoken in the first instance, and on another occasion, and to another person. In such case if separate suits are brought on the several causes of action, the judgment in one cannot be pleaded in bar to the other.

"It has been declared to be a fair test in determining whether a new cause of action is alleged in an amendment, to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable, or if both are subject to the same plea . . . Amendments which only amplify the statements or prayer in the original complaint are not deemed to introduce a new cause of action." 1 Ency. Pl. & Pr. 556, 557.

Though the courts in this jurisdiction are extremely liberal in allowing amendments to pleadings, the amendment must not introduce a substantive cause of action different from that declared on in the original declaration. *New River Min. Co.* v. *Painter*, 100 Va. 507, 42 S. E. 300; *Bowman* v. *First Nat. Bk.*, 115 Va. 463, 80 S. E. 95; *Burks Pl. & Pr.* 586.

In *Whalen* v. *Gordon*, 95 Fed. 305, 37 C. C. A. 70, Sanborn, J., lays down with great clearness the principle governing the subject under discussion as affecting the defendant's rights with respect to the statute of limitations: "An amendment to a petition which sets up no new cause of action or claim, and makes. no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. But an amendment which introduces a new or different cause of action, and makes a new or different demand, not before introduced or made in the pending suit, does not relate back to the beginning of the action, so as to stop the running of the statute, but is the equivalent of a fresh suit upon a new cause of action, and the statute continues to run until the amendment is filed." The learned judge supports his statement of the rule with abundant authority, and it is in accord with the decisions of this court.

It follows from what has been said that the case made in the second count of the third amended declaration is barred by the statute of limitations. The judgment must, therefore, be reversed, the verdict of the jury set aside, and the case remanded for a new trial to be had therein should the plaintiff be so advised.

*Reversed.*