# IRENE VINES

## v.

# REGINA VINES BRANCH

Record No. 911323

June 5, 1992

Present: All the Justices

*Andrea C. Long (Boone, Beale, Carpenter & Cosby*, on brief), for appellant.
*William G. Shields* for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in ruling that both counts of an amended motion for judgment were barred by the statute of limitations.

On June 30, 1988, Irene Vines filed a motion for judgment seeking $9,341.40, plus interest, as well as punitive damages in the amount of $5,000, from Regina Vines Branch. In the motion for judgment, Vines alleged that on April 15, 1986, she purchased an automobile for $8,995 with a cashier's check she obtained from a bank loan. The check was delivered to the seller by Branch. Without Vines's knowledge, Branch titled the car in her own name. Branch

retained possession of the car. The motion for judgment further alleged:

> At that time, Irene Vines did not have a driver's license and Regina Vines Branch had promised to teach her how to drive and had offered to drive her back and forth to the grocery store and doctors appointments as needed, so Irene Vines permitted Regina Vines Branch to maintain custody of the car.

When Branch stopped providing Vines with transportation, Vines asked her to return the car. Branch refused. Vines made several other requests of Branch to return the vehicle. On these occasions as well, Branch refused.

The trial court sustained Branch's plea of the statute of limitations, finding that the motion for judgment alleged "a tort action for the recovery of personal property" which was governed by the one-year limitation of Code § 8.01-248. The trial court then granted Vines leave to file an amended motion for judgment.

In her amended motion for judgment, which was filed April 1, 1991, Vines alleged both breach of an oral contract and continuing trespass to personal property. In the count alleging breach of contract, Vines asserted that she and Branch

> entered into an oral contract whereby [Branch] promised to teach Irene Vines how to drive her car and to drive her back and forth to the grocery store and doctors' appointments as needed, and in return and in consideration for this promise, Irene Vines agreed to [give Branch] temporary custody and use of the vehicle.

In the count alleging trespass, Vines asserted that the actions

> of Regina Vines Branch constitute an injury of a continuous trespass to the personal property of Irene Vines and thus this action, having been filed within five years of the titling and registration of the automobile in the name of Regina Vines Branch rather than in the name of the rightful owner Irene Vines, is actionable pursuant to § 8.-1-243(B) [sic] of the Code of Virginia as amended.

Branch filed a motion to dismiss contending that both counts of the amended motion for judgment were barred by the statute of limitations. The trial court agreed, and it dismissed the case. The trial court did not indicate in its final order which statutes it applied in making this determination. This appeal followed.

Vines first argues that her oral contract claim did not constitute a new substantive cause of action. She contends that it merely states an ''unequivocal'' theory of recovery based on the same facts which were originally pleaded. Thus, Vines asserts that this count relates back to June 30, 1988, the date of her original motion for judgment. In response, Branch argues that Vines's oral contract claim is a new substantive cause of action, that it does not relate back, and, therefore, that it is barred by the three-year limitation of Code § 8.01-246(4). We agree with Branch.

■ The general rule in this Commonwealth is that amendments will be permitted where they seek determination of the same subject matter of the controversy originally pleaded. Amendments will not be allowed, however, when they raise a new substantive cause of action which is different from that which the plaintiff asserted when he or she first filed the action. *New River Min. Co.* v. *Painter*, 100 Va. 507, 510, 42 S.E. 300, 301 (1902). In *Painter*, the original pleadings alleged that the defendant negligently had allowed water, sediment, and mud to be thrown upon the property of the plaintiff. In the amended pleadings, the plaintiff alleged an unlawful, rather than negligent, act and contended that the defendant had committed a trespass on his property. The Court held that the amendment did not allege a new substantive cause of action because the injuries complained of in both the original and the amended declaration were the same; thus, the amendment ''only varied the mode of demanding the same thing - that is, damages done the same property by the same causes.'' 100 Va. at 511, 42 S.E. at 301-02.

■ In the case before us, Vines's assertion of a breach of contract does more than merely ''vary the mode of demanding the same thing.'' In the original motion for judgment, Vines sought money damages in the amount of $9,341.40 plus interest and punitive damages flowing from Branch's refusal to return the car after being requested to do so. In the contract action, however, Vines sought: (1) either return of the car or money damages in the amount of $9,341.40 plus interest; and (2) an additional $10,000 in damages for the loss of the use of the automobile. These ''contract'' damages allegedly resulted from Branch's breach of her agreement to provide

Vines transportation and driving instruction, as well as her failure to return the car.

As this Court stated in *Irvine* v. *Barrett* , 119 Va. 587, 89 S.E. 904 (1916):

It has been declared to be a fair test in determining whether a new cause of action is alleged in an amendment, to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable.

*Id.* at 591, 89 S.E. at 905 (citation omitted).

Here, recovery by Vines on her original allegation would not bar her from recovering damages for Branch's breach of her agreement to provide transportation and driving lessons. The evidence required to support the original allegation would not be sufficient to support the amended allegation. Moreover, a different measure of damages would apply in the amended motion for judgment. Thus, we conclude that Vines's breach of contract allegation is a new substantive cause of action.

Where an amendment introduces a new cause of action, and makes a new or different demand not introduced in the original motion for judgment, the amended action will not relate back to the beginning of the action so as to toll the statute of limitations. Instead, the amended action becomes the equivalent of a different suit and the statute continues to run until the amendment is filed. *Irvine*, 119 Va. at 592, 89 S.E. at 906. Based on these principles, we hold that Vines's breach of contract allegation is barred by the three-year limitation of Code § 8.01-246(4).

We next consider whether the second count of Vines's amended motion for judgment is also time-barred. In the second count, Vines alleges ''a continuous trespass to the personal property of Irene Vines.'' She asserts that this constitutes an injury to property and that the five-year limitation of Code § 8.01-243(B) applies. Vines further asserts that given this five-year limitation, it does not matter whether a new cause of action has been pleaded because it was filed within five years after the claim arose. In response, Branch asserts that this allegation does not constitute a suit for injury to personal

property. Rather, she alleges that it is a suit for the return of personal property which comes under the one-year limitation of Code § 8.01-248. We disagree with Branch.

In the trespass count, Vines seeks money damages for the loss of use of the vehicle resulting from the alleged trespass to her personal property. She does not seek return of the vehicle in that count. Where a person has illegally seized the personal property of another and converted it to his own use, the owner may bring an action in trespass, trover, detinue, or assumpsit. *Raven Red Ash Coal Co.* v. *Ball*, 185 Va. 534, 542, 39 S.E.2d 231, 235 (1946). Here, Vines has chosen to assert a trespass action.

One who commits a trespass to a chattel is liable to its rightful possessor for actual damages suffered by reason of loss of its use. *Zaslow* v. *Kroenert*, 29 Cal.2d 541, 551-52, 176 P.2d 1, 7 (1946). Since Branch's alleged conduct was directed at Vines's property, and not at Vines personally, it constitutes an injury to property. *See Pigott* v. *Moran*, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986). Accordingly, the five-year limitation period of Code § 8.01-243(B) governs. *Id.* Because Vines's cause of action is alleged to have accrued within five years of the date of the amended motion for judgment, we hold that the trial court erred in dismissing the trespass count set forth therein.

We will affirm in part, and reverse in part, the judgment of the trial court and remand this case to it for further proceedings consistent with the principles set forth in this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*