# CIRCUIT COURT OF THE CITY OF ROANOKE

Frederick F. Ely

v.

Shirley's Barbecue, Inc.

March 22, 1993

Case No. CL92000934

BY JUDGE CLIFFORD R. WECKSTEIN

The plaintiff, Frederick F. Ely, has brought two successive actions against the defendant, Shirley's Barbecue, Inc., t/a Second Alarm, Inc., alleging that he was injured on November 24, 1989, in a fall from a "handicap ramp" at defendant's place of business.

The plaintiff's first motion for judgment was filed on November 22, 1991. In that pleading, the plaintiff alleged, *inter alia*, that "said defendant was negligent in failing to recognize the danger that then and there existed, in failing to repair and/or maintain said ramp in good repair and/or condition, and in failing to notify its business invitees of said danger."

On August 14, 1992, that litigation was terminated by a voluntary nonsuit. On August 21, 1992, the plaintiff filed the second action, the case at bar. The new motion for judgment contained allegations not set forth in the pleadings filed in the former action. The second motion for judgment alleged, *inter alia*:

> 3. That no building permit was obtained for the construction of the improvement as aforesaid [the ramp] in violation of the laws and ordinances of the City of Roanoke.
>
> 4. That the handicap ramp was improperly constructed in that it failed to have handrails along both sides of the ramp, failed to be surfaced with slip-resistant materials that ex-

tended the entire width and length of the ramp, failed to have continuous gripping surface, and failed to have edge protection consisting of curbs, walls, railings or projecting services to prevent people from slipping off the ramp in violation of applicable law.

5. That an inspection by a building inspector of the Department of Buildings of the City of Roanoke, which is a part of the mandated building permit procedure, would have revealed the improper construction of the said handicap ramp as aforesaid to the defendant . . . .

8. That the defendant, Second Alarm, Inc., through its principals, agents, servants, and employees, knew, or in the exercise of reasonable care, should have known of the inherently dangerous condition of the said handicap ramp and that said defendant was negligent in failing to construct the said ramp in compliance with Code requirements and in a reasonably safe condition . . . .

The defendant has moved "to dismiss the counts of negligent construction of a handicap ramp," alleging that these claims are barred by the applicable statute of limitations.

Both parties agree that, under Virginia Code § 8.01–243, an action for personal injuries, such as this one, must be brought within two years after the cause of action accrued. The parties also agree that, under Code § 8.01–229(E)(3), if "a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01–380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the Court . . . ." The parties are at issue over whether the commencement of the nonsuited action tolled the statute of limitations with respect to the allegations of paragraphs 3, 4, 5 and 8 of the second motion for judgment. I find that it did not and therefore grant the defendant's motion to dismiss these claims.

In *Thomas Gemmell, Inc. v. Svea Fire and Life Ins. Co.*, 166 Va. 95, 97, 184 S.E.2d 457 (1936), the Virginia Supreme Court noted that:

[n]onsuit is recognized by statute . . . The right to proceed again on *the same cause of action* in the same court is likewise recognized . . . "The effect of a nonsuit is simply to put an end to the present action but is no bar to a subsequent

action for *the same cause*" (emphasis added) (citations omitted).

See also *Clark v. Clark*, 11 Va. App. 286, 298, 398 S.E.2d 82 (1990) (holding that "[t]he effect of a nonsuit in Virginia is simply to put an end to the present proceedings without prejudicing the claimant in bringing a subsequent suit on the same cause of action").

The Supreme Court's recent decision in *Vines v. Branch*, 244 Va. 185, 418 S.E.2d 890 (1992), is instructive on the issue of what constitutes a new cause of action. In *Vines*, the Court held it "to be a fair test in determining whether a new cause of action is alleged in an amendment, to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable." *Id.* at 189, 418 ,S.E.2d at 893 (quoting *Irving v. Barrett*, 119 Va. 587, 89 S.E. 904 (1916)).

In the case at bar, the operative facts required to prove the new allegations are different from those necessary to prove the negligence alleged in the original suit. That is, the evidence required to support the original allegations of negligence would not be sufficient to support the claims in the second suit.

Most, or all, of the new allegations fairly could be characterized as claims of negligence *per se*. In order to sustain an action for negligence *per se*, a plaintiff of course first must plead and prove a violation of law. *See Crist v. Fitzgerald*, 189 Va. 109, 118, 52 S.E.2d 145 (1949). It is clear that no such allegation was made in the original motion for judgment and thus equally clear that the negligence *per se* allegations contained in the plaintiff's second motion for judgment constitute a new cause of action, commenced more than two years following the plaintiff's injuries.

Evidence about, *e.g.* City Code requirements, the permitting process, and the inspecting process would have had no relevance to the claims asserted in the nonsuited action. Such evidence, however, would be essential if the plaintiff were to try to prove the allegations in the case at bar.

In *Ted Lansing Supply v. Royal Aluminum and Construction Corp.*, 221 Va. 1139, 1141, 277 S.E.2d 228 (1981), the Supreme Court held that:

[i]t is firmly established that no court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed. *Potts v. Mathieson Alkali Works,* 165 Va. 196, 207, 181 S.E. 521, 525 (1935). "Pleadings are as essential as proof, and no relief should be granted that does not substantially accord with the case as made in the pleading." *Bank of Giles County v. Mason,* 199 Va. 176, 180, 98 S.E.2d 905, 907 (1957); *see also, Lee v. Lambert,* 200 Va. 799, 802, 108 S.E.2d 356, 358 (1959).

Similarly, the Supreme Court recently explained that "[t]he object of a motion for judgment:

is to set forth the facts which constitute the cause of action so that they may be understood by the defendant who is to answer them, by the jury who are to ascertain whether such facts exist, and by the court which is to give judgment.

*Bryant v. Peckinpaugh,* 241 Va. 172, 176, 400 S.E.2d 201 (1991) (quoting *Greenbrier Farms v. Clark,* 193 Va. 891, 894, 71 S.E.2d 167 (1952)). The plaintiff failed to allege, in his original action, the facts upon which he now premises his claim for relief based upon negligent construction and violation of the City Code. He could not, as the authorities make clear, have attempted to prove such a claim or cause of action in the original action. Likewise, he could not have amended his original motion for judgment to include these new claims once the statute of limitations had run. He cannot raise these claims in a new action following nonsuit.

Because the new allegations of the amended motion for judgment effectively plead a new cause of action barred by the two-year statute of limitations of Code § 8.01–243, I grant the defendant's motion to dismiss those allegations.