## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Higginbotham

v.

Ken/Mar Heating & Air Conditioning, Inc., et al.

April 20, 1994

Case No. L92–66

By Judge William H. Ledbetter, Jr.

In response to the two-count motion for judgment in this case, the defendants filed a plea in bar contending that the claims asserted in Count II of the pleading are time barred. The plea was argued on April 18, 1994. This opinion letter sets forth the court's rulings.

This action has its origin in a contract by which the defendants were to install a heating and cooling system in the plaintiff's residence. When the defendants concluded their work and demanded the balance of the contract price, the plaintiff refused, claiming that the work was incomplete and defective. As a consequence of the nonpayment, the defendants "severed the . . . connections of the . . . equipment and removed it . . . ."

Count I is an action on the contract. The plea in bar does not involve that claim.

Count II alleges two separate torts: fraud and conversion.

The court is of the opinion that the fraud claim is barred by Virginia Code § 8.01–243(A) (even considering § 8.01–243(C)(2)) because the claim was asserted more than two years after the cause of action accrued. In fact, the plaintiff conceded this point in oral argument.

The claim of conversion is based on the defendant's "removal" of the heating and cooling equipment after the equipment had been installed. The removal allegedly occurred on February 2, 1989. The defendants contend that the timeliness of the claim is governed by the two-year limitation period in § 8.01–243(A). The plaintiff argues that

the five-year limitation period applicable to "injury to property" in § 8.01–243(B) controls.

Conversion is an appropriation or other act of dominion wrongfully exerted over property in denial of or in defiance of the owner's rights in it. Conversion can occur only with respect to chattel, or personal property, and has no application to real property. The measure of damages is the value of the property converted at the time of the conversion, with interest from that date. Michie's Jurisprudence says that the period of limitations for an action for unlawful conversion of personal property is one year under the catch-all provision of § 8.01–248. However, no authority for that assertion is cited in the footnotes. In *Vines v. Branch*, 244 Va. 185 (1992), the Supreme Court held that a continuing trespass to personal property by detaining it must be brought within five years after the cause of action accrues. The *Vines* case involved the unlawful seizure and conversion of personal property. Although the plaintiff brought his action in trespass rather than conversion, the Court's reasoning would seem to apply with equal force to an action for unlawful conversion. The Court said, "Since [the defendant's] alleged conduct was directed at [the plaintiff's] property, and not at [the plaintiff] personally, it constitutes an injury to property . . . . Accordingly, the five-year limitation period of Code § 8.01–243(B) governs."

The *Vines* rationale controls this case; thus, the plea in bar to the conversion claim will be overruled.

In summary, the defendants' plea in bar is sustained with respect to the fraud claim in Count II, and those allegations will be stricken, and the plea is overruled with respect to the claim of conversion.