# CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY

Sophie A. Fancher

v.

Gilbert Granger

June 2, 1994

Case No. (Law) 93-6610

BY JUDGE SAMUEL TAYLOR POWELL, III

The plaintiff, Sophie A. Fancher, brought an action against the defendant, Gilbert Granger, alleging that she was injured in a fall at defendant's property on April 4, 1991.

The original motion for judgment alleged that the defendant breached a duty owed to the plaintiff as an invitee by his negligent conduct:

> That at the time and place aforesaid, the defendant was negligent in that he breached his duty to maintain said premises in a reasonably safe condition; in that he breached his duty to correct the dangerous and defective condition of said premises which he knew, or in the exercise of reasonable care and by inspection should have known, existed

and in that he failed to warn of the dangerous and defective condition which he knew, or in the exercise of reasonable care and by inspection should have known, existed, and sought compensatory damages in the amount of $250,000.00.

On May 12, 1994, plaintiff sought to amend the original Motion for Judgment in two respects: (1) to increase the ad damnum from $250,000.00 to $500,000.00 and (2) to allege two counts of negligence, Count I being a re-allegation of the original motion and Count II which alleges negligence per se.

The defendant moved to dismiss Count II alleging that this claim is barred by the applicable statute of limitation, which is two years after the cause of action accrued. § 8.01-243.

The question before the Court is whether the original motion for judgment tolled the statute of limitation which would allow the amended Count II to be now timely filed or whether Count II is a new cause of action and barred by the applicable statute of limitation.

The Supreme Court in *Vines v. Branch*, 244 Va. 185 (1992), sets forth the test to determine whether a new cause of action is alleged in an amendment. The test, whether a new cause of action is alleged in an amendment, is to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable.

In the present case, the facts required to prove Count II are different from those necessary to prove the claim alleged in the original suit. While the facts alleged in the original suit would also be used in amended Count II, additional evidence would be required to allow the plaintiff to prevail. The additional evidence would consist of proof of the appropriate statute, violation of the statute by the defendant, and proof that the plaintiff was intended to be protected by the statute.

Because the new factual allegations of amended Count II pleaded a new cause of action, beyond the scope of the original motion for judgment, amended Count II is barred by § 8.01-243, and the Court grants the defendant's motion to dismiss amended Count II.

The increase of the ad damnum from $250,000.00 to $500,000.00 is granted.