## CIRCUIT COURT OF WASHINGTON COUNTY

Thomas

v.

Lipscomb

October 27, 1995

Case No. (Law) 94-4494

BY JUDGE CHARLES H. SMITH, JR.

This matter is before the court upon the plaintiff's Motion to Amend her motion for judgment and the defendant's response in opposition thereto. Counsel have submitted the matter to the court for decision on their respective memoranda.

The plaintiff originally filed this medical malpractice action in this court seeking recovery from the defendant for alleged permanent injuries she sustained as a result of defendant's negligent treatment. Specifically, the plaintiff contended the defendant severed the motor and sensory nerves and did not decompress the median nerve when he performed endoscopic surgery on her right wrist for carpal tunnel release. She alleged the surgery, which was performed on April 14, 1992, left her with permanent injuries. The plaintiff subsequently retained the services of another surgeon who operated on her right wrist on August 20, 1992.

The plaintiff nonsuited her original motion for judgment and filed the present action on November 2, 1994. This motion for judgment contains the same allegations as the first. The plaintiff now seeks to amend the motion for judgment to allege failure of the defendant to properly advise plaintiff of the risks involved in such surgery and failure to properly treat plaintiff postoperatively in a timely and reasonable manner. The defendant contends that this amendment containing new claims is barred by the statute of limitations.

The applicable statute of limitations is two years as contained in § 8.01-243 of the Code. The defendant contends that this limitation period ran on

April 14, 1994, two years after his surgery on plaintiff, or no later than August 20, 1994, two years after her subsequent surgery by another surgeon, unless these new claims relate back to the original filing. The defendant relies upon the recent Supreme Court decision in *Vines v. Branch*, 244 Va. 185 (1992). In that case, the plaintiff attempted to amend her original motion for judgment asserting a tort action to add a breach of contract claim. The Supreme Court ruled that the contract action did not relate back to the tort action so as to avoid the running of the applicable statute of limitations. The court reasoned that the facts and evidence required for the plaintiff's original claim would not be sufficient to support the amended allegation and a different measure of damages would apply. The court stated the test for determining when a cause of action is new to be:

> It has been declared to be a fair test in determining whether a new cause of action is alleged in an amendment, to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable.

*Id.* at 189.

Thus, the defendant contends, applying this three-prong test to this case precludes relation back to the original motion for judgment. The facts and evidence necessary to support the allegations of the original motion for judgment are different from, and not relevant to, the claims asserted in the amendment. In addition, defendant contends the measure of damages under each theory would be different.

The plaintiff contends that her amendment merely varies and expands her original motion for judgment, relates back to the same, and should be liberally granted. Generally speaking, a physician/patient relationship continues as long as the service is needed. Where malpractice is claimed to have occurred during any such continuous course of treatment, the injury occurs, the cause of action accrues, and the statute of limitations begins to run when the treatment terminates. Thus, a plaintiff can conceivably state a cause of action for any alleged negligence occurring at any time or times during the course of treatment no matter how long it has lasted. The plaintiff concedes that if the amendment does not relate back, it is barred by the statute of limitations. The plaintiff relies upon the case of *New*

*River Mining Co. v. Painter*, 100 Va. 507 (1902), in which the Supreme Court stated:

> If the plaintiff in the amended declaration is attempting to assert rights and to force claims arising out of the same transaction, act, agreement, or obligation, however great may be the difference in the form of liability as contained in the amendment than that stated in the original declaration, it will not be regarded as for a new cause of action. In such cases, the original and amended declarations and the count or counts in each are regarded as variations in the form of liability to meet the possible scope and varying phases of the testimony, which is one of the very objects and purposes of adding several counts and to making amendments to a declaration.

The plaintiff likewise relies on the *Vines* case and contends the defendant construes the same too strictly. She points out the Supreme Court in *Vines* quoted from *Painter* as follows:

> In *Painter*, the original pleadings alleged that the defendant negligently had allowed water, sediment, and mud to be thrown upon the property of the plaintiff. In the amended pleadings, the plaintiff alleged an unlawful, rather than negligent, act and contended that the defendant had committed a trespass on his property. The Court held that amendment did not allege a new substantive cause of action because the injuries complained of in both the original and amended declaration was the same; thus, the amendment "only varied the mode of demanding the same thing — that is, damages done the same property by the same causes."

The plaintiff also relies upon the more recent Supreme Court decision in the case of *Carter v. Williams*, 246 Va. 63 (1993). This was a case to impeach a will in which the contestants filed an amended bill to add a fraud count after the one-year limitation period for the same had expired. The proponents of the will filed a plea in bar claiming the fraud count constituted a new cause of action and was time barred. The trial court allowed the amendment, and the Supreme Court affirmed on appeal. Interesting to this case is the *dicta* in the Court's opinion where they quote with approval the reasoning of the trial court:

> The trial court denied the plea, reasoning that the contestants, having timely filed their original bill, could raise *"new grounds"* [emphasis supplied] that would not constitute a new and separate cause of action.

The Court went on to say:

> Generally, amendments will be permitted when their object is the trial and determination of the subject matter of the controversy upon which the action was originally based . . . . Thus, an amendment does not constitute a new or different cause of action if it only varied the mode of demanding the same thing.

The court is of the opinion that the amendment here contemplated by the plaintiff does not constitute a new cause of action but only adds "new grounds" and "varies the mode of demanding the same thing." Thus, the amendment relates back to the filing of the original action and is not time-barred. The original suit was one for damages for alleged medical malpractice. In the original suit, the plaintiff might have sought damages for alleged negligence occurring from the inception of their relationship through any point — even years later (see *Farley v. Goode*, 219 Va. 969 (1979)) — during a continuous course of treatment. The fact that the plaintiff narrowly framed her original theory of liability does not now preclude this same plaintiff from requiring the same defendant to answer in the same lawsuit for any conduct occurring during this course of treatment that might have caused or contributed to her injuries and damages.

Finally, counsel have argued the applicability of the provision in § 8.01-581.2:1 of the Code that says:

> Leave to add additional parties to the review panel decision shall not be granted if the judge finds the applicable statute of limitations has expired with respect to the new or additional parties or causes of action.

That section deals specifically with proceedings before a medical malpractice review panel and is not applicable here. In any event, it only precludes the court from allowing one to amend a request for a review panel to add new parties if the court finds the applicable statute of limitations as expired with regard to the *new parties* or causes of action against the *new parties*. If the drafters intended it to apply to new causes of action against existing parties, they did not say so.