## CIRCUIT COURT OF KING GEORGE COUNTY

Patrick W. Owens

v.

Frederick Brown

July 19, 1996

Case No. (Law) 96-6

By Judge James W. Haley, Jr.

The issue here for resolution is whether an amendment to a motion for judgment states a new cause of action. If the amendment does so, it will be barred by the applicable statute of limitations, in that the amendment does not "relate back" to the time of filing of the original action. *Vines v. Branch,* 244 Va. 185, 418 S.E.2d 890 (1992); 1B M.J., *Amendments,* § 72.

On June 8, 1982, Plaintiff, as an infant, was injured by a log-splitter being used on the property of Defendant Frederick Brown by children, including Brown's then also infant son, Steven. Upon attaining his majority and within the time permitted by the statute of limitations, Plaintiff filed a motion for judgment against Defendant father alone, alleging that he "failed to provide proper supervision for the use of a dangerous machine."

Subsequent to the expiration of the statute of limitations, Plaintiff amended his motion for judgment by adding Count II alleging "an employer/employee or master/servant relationship" between Frederick Brown and his son, Steven, and the negligence of the latter imputable to the father.

Defendant maintains that the amendment constitutes a new cause of action accordingly barred by the statute of limitations.

In *New River Mineral Co. v. Painter,* 100 Va. 507, 510, 42 S.E. 300, 302 (1902), the court stated:

> If an amended declaration assert rights or claims arising out of the same transaction, act, agreement or obligation as that upon which the original declaration is founded, it will not be regarded as a new cause of action, however great may be the difference in the form of the liability asserted in the two declarations.

See also *Wise Terminal Co. v. McCormick*, 107 Va. 376, 378, 58 S.E. 584, 585 (1907): "the amended declaration merely charges the negligence complained of in varying form to meet different phases of the evidence."

These principles were distilled in *Irvine v. Barrett*, 119 Va. 587, 591, 89 S.E. 904, 905 (1916), by the enunciation of three independent and disjunctive inquiries by which to determine if an amendment to a pleading states a new cause of action: (1) would a recovery under the original count bar recovery on the amended count? (2) or would the same evidence support each? and (3) or is the same measure of damages applicable? See also, *Vines, supra.*

As applied to the instant case, the first and third of these inquiries would be answered affirmatively, indicating that the amendment did not state a new cause of action. However, such is not the case as to inquiry (2). Simply stated, to recover under Count II, the evidence must show the master/servant or employer/employee relationship alleged, which would not be required to be proved under Count I. In addition, under Count II it would not be necessary for the plaintiff to prove any negligence on the part of the father, and accordingly the two counts do not "merely charge[] the negligence complained of in varying form . . . ." *Wise Terminal, supra.* Nor is evidence of a child/adult supervisory relationship the same evidence of a "transaction, act, agreement or obligation . . . ." necessary to establish a master/servant or employer/employee relationship. *New River Mineral Co., supra.* Thus, the same evidence does not support each count.

In light of the foregoing, the court concludes that Count II of the motion for judgment does allege a new cause of action which as a result does not relate back to the date of filing of the original motion for judgment and under the circumstances of this case is barred by Code § 8.01-243, the applicable statute of limitations.