# CIRCUIT COURT OF FAIRFAX COUNTY

Nadia Marabda

 v.

Albanese & Associates, P.C., et al.

December 6, 1996

Case No. (Law) 143243

BY JUDGE STANLEY P. KLEIN

On July 21, 1995, plaintiff Nadia Marabda filed a five-count motion for judgment against defendants Albanese & Associates, P.C., and Athol Mortgage Corporation seeking judgment against the defendants for breach of contract (Count I), violation of automatic stay in bankruptcy (Count II), wrongful foreclosure (Count III), wrongful eviction (Count III [sic]), and breach of fiduciary duty (Count III [sic]).[1] Albanese and Athol seek summary judgment asserting that as matter of law (1) there was no violation of the applicable automatic stay; (2) the plaintiff's claims are barred by the doctrine of waiver; (3) the plaintiff's claims are barred by judicial estoppel; (4) the plaintiff's claims are barred by the doctrine of equitable estoppel; and (5) the applicable statutes of limitations bar recovery of punitive damages for Count I and any damages for the remaining counts of the motion for judgment. For the reasons set forth in this letter opinion, the motions for summary judgment are granted as to the claims for wrongful eviction and breach of fiduciary duty but are denied as to the other claims.

This lawsuit arises out of matters relating to a second deed of trust (Deed of Trust) on certain real property located at 2507 Patricia Court, Falls Church, Virginia. At all relevant times, Athol was the holder of a promissory note (the

---

[1] The motion for judgment was also filed by Farahmand Hassazadeh, whose motion for voluntary nonsuit as to all counts was previously granted by the Court.

Note) secured by the Deed of Trust, and Albanese was the trustee. Payments on the Note fell in arrears. On or about January 28, 1993, Marabda filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. On March 29, 1993, Athol filed a motion for relief from stay requesting permission to foreclose on the Patricia Court property.

On or about June 14, 1993, Joel Steinberg, bankruptcy counsel for Marabda, endorsed as "Seen and Agreed" an order granting Athol relief from the automatic stay to pursue foreclosure. Marabda claims that Steinberg had no authority to endorse the order. The fully-endorsed order was presented to the bankruptcy court in June 1993, but was not entered until December 14, 1993. On July 23, 1993, Albanese conducted a foreclosure sale of the Patricia Court property, and it was purchased by Athol.

On December 3, 1993, Albanese, as attorney for Athol, filed a writ of possession in unlawful detainer with the Fairfax County General District Court, seeking to evict Marabda from the property. On or about December 9, 1993, the sheriff of Fairfax County sent a notice to Marabda indicating that she would be evicted from the subject property if she failed to vacate on or before January 4, 1994. It is not possible at this stage of these proceedings to determine whether the parties agree on what transpired thereafter. However, in her motion for judgment, Marabda makes no allegations of any acts constituting a wrongful eviction occurring after January 4, 1994.

On May 21, 1996, Judge Martin V. B. Bostetter of the United States Bankruptcy Court for the Eastern District of Virginia entered an order retroactively annulling the automatic stay to the date of the filing of Marabda's bankruptcy petition, to wit: January 28, 1993. Marabda timely appealed Judge Bostetter's ruling.[2]

In Virginia, "the decision to grant a motion for summary judgment is a drastic remedy which is available only where there are no material facts genuinely in dispute." *Turner v. Lotts*, 244 Va. 554, 556 (1992). Summary judgment is proper if "it appears from the pleadings, the orders, if any, made at a pre-trial conference, the admissions, if any, in the proceedings ... that the moving party is entitled to judgment ... ." Va. S. Ct. Rule 3:18. In considering a motion for summary judgment, all inferences must be drawn in favor of the non-moving party unless those inferences are "strained, forced, or contrary to reason." *Renner v. Stafford*, 245 Va. 351, 353 (1993). When the pleadings and

---

[2] It would appear that the United States District Court has affirmed Judge Bostetter's ruling. The effect of the November 8, 1996, memorandum, opinion, and order of Judge Albert V. Bryan, Jr., is the subject of a second motion for summary judgment filed by counsel for Albanese and noticed for hearing on December 13, 1996.

admissions of the parties in the record of this case to date are viewed consistently with these binding principles, this Court must conclude that material issues of fact remain in dispute as to each of the defenses claimed by Albanese and Athol, except for the bar of the statute of limitations.[3] Therefore, Defendants' motions for summary judgment on the grounds of (1) no violation of automatic stay, (2) waiver, (3) judicial estoppel, and (4) equitable estoppel are denied without prejudice.

Defendants' arguments that all counts of the motion for judgment, except for the compensatory damage claim in the breach of contract count, are time-barred present much closer questions. Generally, in Virginia, a cause of action accrues when the contract or duty is breached. Va. Code § 8.01-230. Consequently, all of Marabda's claims, but for the wrongful eviction claim, accrued no later than July 23, 1993, the date of the foreclosure sale. Based on the allegations set out in the motion for judgment, the wrongful eviction claim accrued no later than January 4, 1994.[4]

Albanese and Athol argue that the one-year limitation period of Virginia Code § 8.01-248 governs Plaintiff's automatic stay violation, wrongful foreclosure, wrongful eviction, and breach of fiduciary duty claims. That code section states that "every personal action for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued."[5] A personal action is "an action wherein a judgment for money is sought, whether for damages to person or property." Va. Code § 8.01-228; *Purcell v. Tidewater Constr. Corp.*, 250 Va. 93, 94 (1995). Defendants further assert that the decisions in *Pigott v. Moran*, 231 Va. 76 (1986), and *J. F. Toner and Son v. Staunton Prod. Credit*, 237 Va. 155 (1989), are dispositive of the statute of limitations issues.

In *Pigott*, plaintiffs purchased certain residential property based upon the defendants' representations that the adjoining property was zoned residential. 231 Va. 76 (1986). In fact it was zoned for an industrial park, and when construction on the park commenced, plaintiffs filed suit alleging fraud. As more than one year had elapsed since the fraud occurred, defendants filed a

---

[3] Judge Bostetter's May 21, 1996, order retroactively annulling the automatic stay cannot be given any *res judicata* or collateral estoppel effect at this time as it is not yet a final order. *See Faison v. Hudson*, 243 Va. 413 (1992).

[4] In her response memorandum, Marabda asserted that she was unlawfully locked out of the property on or about December 1, 1993.

[5] Virginia Code § 8.01-248 was amended effective July 1, 1995, to increase the limitations period to two years. That amendment is not relevant to this case. *See Starnes v. Cayouette*, 244 Va. 202 (1992); *Shiflett v. Eller*, 228 Va. 115, 120 (1984).

plea in bar asserting that the period of limitation was governed by Virginia Code § 8.01-248. Plaintiffs asserted that theirs was an "action for injury to property," as used in § 8.01-243(B), and therefore, the five-year statute of limitations prescribed by that statute governed. The trial court sustained the plea in bar, and the Supreme Court affirmed. The Supreme Court reasoned that:

> [t]he fraud allegedly committed by the realtor had no impact on the real property itself. The purchasers' land was in the same condition and was available for the same use after the alleged fraud as it was before. The defendants' conduct was *directed at the plaintiffs personally* and not their property, real or personal. Consequently, the trial court correctly decided the one-year limitation governs *an action for fraud.*

*Id.* at 81 (emphasis added).

In *J. F. Toner and Son,* plaintiffs obtained a loan through defendants and subsequently sought to borrow more funds. 273 Va. 155 (1989). Defendants agreed to loan additional funds if plaintiffs executed another security agreement covering more of their assets. Plaintiffs tendered the security, but defendant never provided the additional loans and plaintiff's assets were foreclosed upon. Relying on *Pigott,* the defendants argued that the one-year limitation period of Virginia Code § 8.01-248 controlled. Plaintiffs contended that *Pigott* was inapposite because, contrary to the situation in *Pigott,* plaintiffs actually lost all of their use, enjoyment, and value in their property because of defendants' fraud. The trial court sustained defendants' pleas in bar, and again, the Supreme Court affirmed.

> We think this purported distinction to be more apparent than real. The defendants' alleged fraud had no effect upon the plaintiffs' property. The property had the same form, the same value, and was adapted to the same uses after the defendants' actions as before. The defendants are simply alleged to have persuaded the plaintiffs to part with it. Thus, *the allegedly wrongful acts were aimed at the persons of the plaintiffs.* Rather than injuring their property, the alleged wrongs caused them to sustain "financial damage personal to the individual," as did the misrepresentations alleged in *Pigott.*
>
> *Because fraud invariably acts upon the person of the victim rather than upon property,* its consequence is personal damages rather than injury to property.

*Id.* at 158 (emphasis supplied).

The decisions in *Pigott* and *J. F. Toner and Son* must be read in conjunction with the Supreme Court's subsequent decisions on this subject. In *Vines v. Branch*, 244 Va. 185 (1992), plaintiff alleged that she had purchased an automobile and had requested that defendant deliver the cashier's check to the seller. Unbeknownst to plaintiff, defendant titled the car in her own name and then retained possession of it. When defendant ceased providing transportation to plaintiff, plaintiff unsuccessfully demanded return of her vehicle. In the two-count motion for judgment she filed over one year later, plaintiff asserted causes of action for breach of contract and trespass. In response to a motion to dismiss the trespass count on statute of limitations grounds, she asserted that defendant's actions constituted a continuing trespass to her personal property, and therefore, the five-year limitation of Code § 8.01-243 would control. The trial court held that the one-year limitation period of § 8.01-248 governed, but here, the Supreme Court reversed.

> One who commits a trespass to a chattel is liable to its rightful possessor for actual damages suffered by reason of loss of its use. Since Branch's alleged *conduct was directed at Vines' property, and not at Vines personally,* it constitutes an injury to property. Accordingly, the five-year limitation period of Code § 8.01-243(B) governs.
>
> One who commits a trespass to a chattel is liable to its rightful possessor for actual damages suffered by reason of loss of its use. *Zaslow v. Kroenett*, 29 Cal. 2d 541, 551-52, 176 P.2d 1, 7 (1946). Since *Branch's alleged conduct was directed at Vines' property, and not at Vines personally, it constitutes an injury to property. See Pigott v. Moran*, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986). Accordingly, the five-year limitation period of Code § 8.01-243(B) governs. *Id.*

*Id.* at 190 (emphasis supplied).

In *Bader v. Central Fidelity Bank*, 245 Va. 286 (1995), plaintiff's husband forged three of her checks from a stock brokerage account. Approximately three years later, she filed suit against the broker and the bank. The bank moved for summary judgment arguing, alternatively, that the claim arose out of Mr. Bader's fraudulent conduct and hence was barred by the two-year limitation period contained in Code § 8.01-243(A) or that plaintiff's claim was a personal action for which no other limitation period was specified and therefore was governed by Code § 8.01-248. The trial court held that Bader's claim necessarily arose out of a fraud and therefore was time barred.

Distinguishing its decision in *Pigott* and noting its decision in *J. F. Toner and Sons*, the Supreme Court reversed and stated:

> Unlike the purchasers in *Pigott*, the gist of the cause of action asserted by Mrs. Bader is that Central Fidelity wrongfully exercised authority over her funds, and thus, she was deprived of possession and use of those monies. *See Vines v. Branch*, 244 Va. 185, 190, 418 S.E.2d 890, 894 (1992) (conduct directed at property constitutes an injury to property). Central Fidelity's *alleged act of conversion was not aimed at Mrs. Bader's person but was directed upon her property.*

*Id.* at 290 (emphasis supplied).

The determinative factor in each of the Supreme Court's decisions in *Pigott, J. F. Toner and Sons, Vines,* and *Bader* was at whom the tortious conduct was directed. In *Pigott* and *J. F. Toner and Sons,* when the cause of action was fraud, the conduct was necessarily directed at the party defrauded. However, in *Vines* and *Bader,* when the causes of action were for trespass and conversion, the tortious acts were directed at the property.

It is within this analytical framework that the Court must determine the applicable statutes of limitations for each count of Marabda's motion for judgment. Assuming, without deciding, that Virginia law recognizes a tort of wrongful foreclosure, it cannot be questioned that the allegations of defendants' actions supporting this count were directed at the property. Therefore, the five-year period of limitation prescribed by Virginia Code § 8.01-243 would govern.

The violation of automatic stay count is a somewhat closer question. The automatic stay mandated by 11 United States Code § 362(a) prohibits a creditor, *inter alia*, from taking:

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

Here, the foreclosure sale was the principal act allegedly taken by the defendants, which contravened the requirements of the automatic stay. Therefore, the five-year period of limitation would also be applicable to this count,[6] and summary judgment at this stage would not be appropriate.

---

[6] In so deciding, this Court does not necessarily rule that such a cause of action exists under Virginia law.

In the wrongful eviction claim, plaintiff alleges that "defendants wrongfully evicted the plaintiffs."[7] As the eviction was directed at the person rather than the property of the plaintiff, Code § 8.01-243 would not apply. As no other period of limitation is prescribed by the Virginia Code, assuming, without deciding that Virginia law recognizes a tort of wrongful eviction, the one-year "catch-all" of § 8.01-248 would govern. Defendants are therefore entitled to summary judgment on this count.[8]

Defendants similarly are entitled to summary judgment on the breach of fiduciary duty count, as the only alleged duty was owed to plaintiff herself. Any failure to uphold such a duty would necessarily have to relate to the plaintiff herself rather than her property. *See F.D.I.C. v. Cocke*, 7 F.3d 396 (4th Cir. 1993). Consequently, the one-year limitation period applies to this claim.

Finally, defendants argue that plaintiff's claim for punitive damages for breach of contract is also time-barred. The Court need not address that issue for two reasons. First, it is not clear from the prayer in the motion for judgment that plaintiff seeks punitive damages in the breach of contract count. Second, punitive damages are recoverable for breach of contract only when the breach amounts to an independent willful tortious violation of a common law duty owed by defendant to plaintiff. *Foreign Mission Board v. Wade*, 242 Va. 234, 240-1 (1991); *Kamlar Corp. v. Haley*, 224 Va. 699 (1982). Thus, if punitive damages were recoverable in this action, they would be recoverable only in the tort counts.

Accordingly, for the reasons set out above, defendants' motions for summary judgment are sustained as to the wrongful eviction and breach of fiduciary duty counts and overruled as to the other counts.

---

[7] Motion for Judgment, ¶ 18.

[8] Plaintiff's alleged loss of personal property as a result of the eviction is not relevant. Plaintiff sued for wrongful eviction, not for either conversion or negligence. Moreover, allegations not included in the motion for judgment cannot form the basis for a recovery. *See Ted Lansing Supply Co. v. Royal Aluminum*, 221 Va. 1139 (1981). The Court therefore cannot consider the allegations made for the first time "upon information and belief" in Plaintiff's Response Memorandum to Defendant's Motion for Summary Judgment.