168

# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Douglas Sergent

v.

Early Street Properties et al.

Case No. Cl000908

Andrew Lichucki et al.

v.

Early Street Properties et al.

Case No. Cl000699

Kristopher Price et al.

v.

Early Street Properties et al.

Case No. Cl000793

Mark O'Connell et al.

v.

Early Street Properties et al.

Case No. Cl010100

Eugene Delaune et al.

v.

Early Street Properties et al.

Case No. Cl010176

May 14, 2001

By Judge John E. Kloch

These actions came before this Court on various defendants' demurrers and pleas in bar. The plaintiffs all own homes in Early Street Village in Alexandria and have homes clad in synthetic "EIFS" stucco. The plaintiffs claim that this stucco is defective and caused damage to their homes. There are many separate issues and each is set forth separately below.

### Demurrers

Defendants CSS, L.L.C., and Coronado Corporation, the subcontractors who allegedly installed the EIFS stucco, and Parex, Inc., the EIFS manufacturer, submitted demurrers. At oral argument, Parex withdrew its demurrer to the plaintiffs' express warranty claims as well as its motions craving oyer. However, although Parex filed memoranda in support of its demurrers in all the above cases, Parex never filed an actual demurrer in the following cases: Ch000908, Cl000699, and Cl000793. This Court will not rule on Parex's arguments without Parex having filed a responsive pleading.

CSS and Coronado demur to Count VII (Count VIII in Ch000908), which is a claim for negligence per se based on their alleged violations of the U.S.B.C. This Court will overrule CSS' and Coronado's demurrers in all these

actions. This Court has already ruled that the economic loss rule did not bar the complainants from making a claim for negligence per se in Ch000908. (Jennings, J., August 29, 2000, order). The plaintiffs' claims fall under an explicit exception in *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988). The issues concerning the applicability of the U.S.B.C. to these defendants are best left to the summary judgment stage.

Parex properly demurred in Cl010100 and Cl010176. With respect to Count VIII (negligence per se) in those cases, this Court will sustain Parex's demurrers in accordance with Judge Leafe's opinion in *Bay Point v. RML Corp.*, 52 Va. Cir. 432 (2000) (remote manufacturer cannot be liable for a Building Code violation). The plaintiffs shall not have leave to amend.

With respect to Count IX in those cases, this Court will also sustain Parex's demurrers in accordance with Judge Leafe's opinion. In these two cases, the plaintiffs never allege that they saw any of Parex's advertising or even that they knew anything about Parex before they purchased their homes. *Bay Point, supra*. This Court will also sustain Parex's demurrers to Count X on the same grounds. This Court also sustains Parex's demurrers to Count X on the grounds that *Sensenbrenner* precludes recovery for economic losses in the absence of an independent duty imposed by law. *Sensenbrenner*, 236 Va. at 425. The plaintiffs shall have leave to amend.

This Court will also sustain Parex's demurrer to Count XI. The EIFS was a component part in the construction of plaintiffs' homes and, therefore, was not part of a consumer transaction under Va. Code § 59.1-198. *Bay Point, supra*; See *Winchester Homes, Inc. v. Hoover Univ., Inc.*, 27 Va. Cir. 62, 63 (Fairfax County 1992) (Plummer, J.). The plaintiffs shall not have leave to amend.

Finally, this Court shall sustain Parex's demurrer concerning Count XII (False Advertising). Va. Code § 59.1-683 requires that a party "suffer a loss as the result of" a violation of Va. Code § 18.2-216. As noted above, in these two cases, the plaintiffs do not allege enough awareness of Parex or its product to causally connect their allegations of false advertising to their damages. The plaintiffs shall have leave to amend.

## *Pleas in Bar; Statute of Limitations*

CSS, Coronado, and Parex all filed pleas in bar contending that the Statute of Limitations bars plaintiffs' recovery. However, as above, although Parex filed memoranda in support of its pleas in all the above cases, Parex never filed a responsive pleading in the following cases: Ch000908, Cl000699, and Cl000793. The objection that an action is not commenced

within the limitation period prescribed by law can only be raised as an affirmative defense specifically set forth in a responsive pleading. Va. Code Ann. § 8.01-235. This Court will not rule on Parex's pleas in those actions.

CSS raises a plea in bar to Count VII in C1000699 (negligence per se). CSS and Coronado raise the statute of limitations as a plea in bar to Count VII in the three other law actions. Parex properly raises pleas in bar to Count VIII in C1010100 and C1010176. This Court will deny all of those pleas. Every action for injury to property shall be brought within five years after the cause of action accrues. Va. Code Ann. § 8.01-243(B). These actions are actions for injuries to property, even though they sound in tort, and, therefore, the five-year period applies. See *Vines v. Branch*, 244 Va. 185, 190, 418 S.E.2d 890 (1992).

Parex also raises pleas in bar to Count XI (Consumer Protection Act) in C1010100 and C1010176. The limitations period for violations of Va. Code § 59.1-204 is two years from the date of accrual. Va. Code Ann. § 59.1-204.1. "Accrual" is determined by reference to Va. Code § 8.01-230, where in turn the Code refers us to Va. Code § 8.01-249(1). As these actions are fraud actions, these causes of action accrue when the party discovers or by the exercise of due diligence reasonably should have discovered the fraud. Va. Code Ann. § 8.01-249(1).

In C1010100, the plaintiffs may have discovered the alleged fraud as early as August 1997. (C1010100, Motion for Judgment ¶ 21). In C1010176, plaintiffs may have discovered the alleged fraud as early as December 1998. (C1010176, Motion for Judgment ¶ 21). However, there is not enough evidence before this Court at this stage to make a ruling. This Court will deny the pleas.

Finally, Parex raises pleas in bar to Count XII (False Advertising). As there is no specified limitations period for actions arising under Va. Code § 18.2-216, the "catch-all" provision applies and the limitation period is two years from the date of accrual. However, as noted above, it is not clear when plaintiffs discovered or should have discovered the alleged fraud. This Court would prefer that parties return having done discovery on this issue. Thus, this Court will rule as it has with the latter count and deny the pleas without prejudice.