# CIRCUIT COURT OF THE CITY OF RICHMOND

Rosetta Mallory

v.

City of Richmond
and Patrick M. Warner

September 23, 2005

Case No. CH-05-688

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the Defendants, the City of Richmond and a City police officer, have filed a demurrer to Plaintiff's two count Motion for Judgment. Both have also filed pleas of sovereign immunity. "A demurrer will be sustained if the [pleading], considered in the light most favorable to the Plaintiff, fails to state a valid cause of action." *McDermott v. Reynolds*, 260 Va. 98, 100, 530 S.E.2d 902 (2000). In considering the facts pled along with their reasonable factual inferences, the court is not required to adopt Plaintiff's legal conclusions. *Fox v. Curtis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988).

On November 15, 2004, Plaintiff's son was a permissive driver of her 1996 Cadillac. Defendant, Warner, a Richmond police officer, arrested the son that day for possession of illegal drugs and seized the Cadillac. Plaintiff had no knowledge of her son's possession of controlled substances.

After seizing the vehicle, the police performed an extensive search of the vehicle, which resulted in significant damage. On January 13, 2005, the police notified the vehicle's lienholder and released the vehicle shortly thereafter to the lienholder without notice to Plaintiff.

Claiming violations of forfeiture rules, Plaintiff seeks temporary and permanent injunctive relief alleged in Count I and, on similar claims, Plaintiff seeks damages for conversion and trespass alleged in Count II.

First, the court will address the pleas of sovereign immunity and injunctive relief. "A municipality is immune from liability for intentional torts committed by an employee during the performance of a governmental function." *Niese v. City of Alexandria*, 264 Va. 230, 239, 564 S.E.2d 127 (2002). This immunity applies here in a case where the City is sought to be held liable through the doctrine of respondeat superior. *Id.* at 237. Immunity with respect to Defendant, Warner, will be discussed *infra*.

Given that the acts complained have occurred, neither temporary nor permanent injunctive relief applies. The remedy of injunction is not available where the act is already done and there is no reasonable inference of any future violations. *Marsh v. Richmond Newspapers, Inc.*, 223 Va. 245, 288 S.E.2d 415 (1982). And to the extent that Plaintiff in her prayer to Count I seeks to have "the Court temporarily and permanently enjoin the City from handling vehicles seized pursuant to the authority granted by Va. Code Ann. § 19.2-386.22 in any manner other than that set forth in the Code of Virginia. . . ." Plaintiff lacks standing for such relief. *Black & White Cars, Inc. v. Groome Transp.*, 247 Va. 426, 442 S.E.2d 391 (1994).

Second, this leaves the claims of trespass and conversion as to Defendant, Warner, both as to substance and immunity. Under well-settled principles, the cloak of sovereign governmental immunity does not extend to intentional torts. *Fox v. Deese*, 234 Va. 412, 423-24, 362 S.E.2d 699, 706 (1987).

"An action for conversion can be maintained only by one who has a property interest and is entitled to immediate possession of the thing alleged to have been wrongfully converted." *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 305, 440 S.E.2d 902, 905 (1994). "[T]respass to chattels occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization." *America Online, Inc. v. IMS*, 24 F. Supp. 2d 548, 550 (E.D. Va. 1998) (*citing Vines v. Branch*, 244 Va. 185, 190, 418 S.E.2d 890, 894 (1992) ("Where a person has illegally seized the personal property of another and converted it to his own use, the owner may bring an action in trespass. . . .")). When a trespass is committed without fraud, malice, aggression, or other special aggravation, the object of the law is to give compensation for the injury suffered, and damages are restricted to that object. *Evans v. Shuster*, 178 Va. 61, 16 S.E.2d 301 (1941). One who commits a trespass to chattels is liable to its rightful possessor for actual damages suffered by reason of loss of its use. *Vines*, 244 Va. at 190, 418 S.E.2d at 894.

102

The applicable forfeiture statutes provide that, upon a seizure of property, the agency seizing the property "shall forthwith" notify the Commonwealth's Attorney in writing. The Statute directs that, upon receipt of such notice, the Commonwealth Attorney shall file a notice of seizure with the clerk of the circuit court. *See* Va. Code § 19.2-386.3. The court in *Commonwealth v. Wilks*, 260 Va. 1945, 530 S.E.2d 665 (2000), described the purpose of the procedure thus:

> The purpose of [§ 19.2-386.3] is to permit the clerk of the circuit court to notify owners and lienholders . . . that property has been seized. . . . The requirement of filing the notice of seizure of forfeiture with the clerk of the circuit court does not affect the power of circuit court to adjudicate the *forfeiture proceeding*, but rather *protects the property rights of the property owners or lienholders who have an interest in the seized property.*

(Emphasis added). In *Wilks*, the question before the court was whether failing to file notices of seizure deprived the court of jurisdiction to adjudicate forfeiture. The court answered the question in the negative.

Upon such notice, all parties who may have an interest in the property may seek to establish an exemption as outlined in Va. Code § 19.2-386.8. Among the listed exemptions, it is provided:

> No owner's interest may be forfeited under this chapter if the court finds that:
> a. He did not know and had no reason to know of the conduct giving rise to the forfeiture. . . .

Otherwise, the law grants to the Commonwealth's Attorney the right to release property prior to providing notice. The statute provides that the Commonwealth's Attorney may in his discretion, upon payment of costs, release the seized property to an owner or lienholder without a bond. *See* Va. Code § 19.2-386.5. Of course, the Commonwealth's Attorney may only do this if he has been give notice "forthwith" that the authorities have seized the property.

Thus, under the relevant property forfeiture law provisions, the General Assembly has outlined procedural requirements, which allow for the protection of interests in property seized by police in the course of investigating the commission of a crime. For obvious reasons, property can be seized and secured for criminal investigative purposes. And upon the expiration of the ninety-day period, the law provides for release to the owner or the lien holder. *See* § 19.2-

386.3(A). Here, Plaintiff argues that, by failing to notify the Commonwealth's Attorney prior to releasing the Cadillac to the lien holder, Defendant converted the vehicle and interfered with her possessory interests in the property and thereby deprived her of the opportunity the statutes provide to assert an exemption and secure the property. To the extent that Defendant is alleged to have done acts outside and apart from the statutory framework for forfeiture of her interests in the property, Defendant is said to have converted the property by exercising dominion and control over it contrary to Plaintiff's right to possession causing damages. These allegations under the circumstances amount to stated claims of conversion and trespass.

Accordingly, for the reasons mentioned, the plea of sovereign immunity and the demurrer as to the City of Richmond are sustained. The plea of sovereign immunity and the demurrer as to Defendant, Warner, are overruled.

Plaintiff is granted leave to file an amended motion for judgment as to Defendant, City of Richmond, on or by October 7, 2005. Defendants shall have until October 18, 2005, to file responsive pleadings. In the event Plaintiff chooses not to amend as to the City, the City shall be dismissed with prejudice. Defendant, Warner, shall file an Answer on or by October 18, 2005.