# CIRCUIT COURT OF BUCHANAN COUNTY

Michelle Rife

v.

Buchanan County
Hospice et al.

November 18, 2013

Case No. 553-12

By Judge Patrick R. Johnson

The above-styled case is now before the Court on Defendant's Demurrer to Plaintiff's Claim for Punitive Damages. The parties convened for a hearing on October 3, 2013, where Mr. Brennan, counsel for Defendants, made an oral argument in support of his motion. Mr. Starnes, counsel for Plaintiff, presented a rebuttal argument. Both parties in attendance submitted memoranda to the Court in support and in opposition to this motion. After thorough review of the court file, submitted briefs, and oral arguments presented at this hearing, the Court now makes the following ruling.

In their demurrer, Defendants argue that Plaintiff's punitive damages claims fail for two reasons.

First, Defendants argue the Complaint fails to allege conduct by Bonnie Stanley and/or Lavonda Deel (hereinafter "Defendant's Employees") amounting to willful or wanton negligence. (Def. Br. 7.) Defendants assert that Bonnie Stanley and Lavonda Deel is the same person. As Plaintiff has not conceded this fact, the Court will presume, for the purposes of this Opinion, that they are in fact two separate employees.

Second, Defendants argue that Plaintiff cannot base their punitive damages claim against Buchanan County Hospice, doing business as Special Care Home Health (hereinafter "SCHH"), on a theory of *respondeat superior* because they failed to allege any facts tending to show SCHH "authorized or ratified" the conduct of its employees. (*Id.* at 8.) Accordingly, Defendants request this Court dismiss Plaintiff's punitive damages claims with prejudice.

On November 1, 2013, following submission of Defendants' Supplemental Brief, Plaintiff filed an Amended Complaint and referred to said Amended Complaint in her Response to Defendants' Demurrer. In the Amended Complaint, Plaintiff asserts a claim of punitive damages against SCHH's employees and a punitive damages claim against SCHH for negligent retention. (Am. Comp. ¶¶ 25, 30.) Yet, in Plaintiff's Response to Defendants' Demurrer, Plaintiff only argues the "basis for her punitive damages claim in the amended complaint is negligent retention." (Pl. Br. 4.) Accordingly, Plaintiff argues it was SCHH's own negligence in retaining Defendant's Employees, not *respondeat superior*, which underlies their claim for punitive damages. (*Id.*) Plaintiff did not address Defendants' demurrer with regard to Defendant's Employees.

## I. *Standard of Review*

"A demurrer tests the legal sufficiency of the facts alleged in pleadings." *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). A demurrer admits the truth of all properly pleaded facts as well as any reasonable inferences therefrom. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). A demurrer does not admit any conclusions of law contained within the pleading. *Id.* If "a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted," then the demurrer should be sustained. Va. Code Ann. § 8.01-273(A); *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993).

"All demurrers shall be in writing and shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law. No grounds other than those stated specifically in the demurrer shall be considered by the court." Va. Code Ann. § 8.01-273(A).

## II. *Analysis*

Punitive damages are permissible only where there was intentional misconduct, malice, or willful or wanton conduct. *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 685-86, 152 S.E.2d 271, 277 (1967). "Willful and wanton negligence is action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstance and conditions, that his conduct probably would cause injury to another." *Woods v. Mendez*, 265 Va. 68, 76-77, 574 S.E.2d 263, 268 (2003); see also *Friedman v. Jordan*, 166 Va. 65, 68, 184 S.E. 186, 187 (1936) ("Willful or wanton conduct imparts knowledge and consciousness that injury will result from the act done. The act done must be intended or must involve a reckless disregard for the rights of another and will probably result in an injury."). Willful and

wanton negligence or recklessness must be juxtaposed against simple and gross negligence.

> Simple negligence is the failure to use the degree of care an ordinary person would exercise to avoid injury to another. . . . [G]ross negligence[] is action which shows indifference to others, disregarding prudence to the level that the safety of others is completely neglected. Gross negligence is negligence which shocks fair minded people. . . .

*Harris v. Harman*, 253 Va. 336, 340, 486 S.E.2d 99, 101 (1997). A court may not permit an award of punitive damages upon simple or gross negligence. *Baker v. Marcus*, 201 Va. 905, 909, 114 S.E.2d 617, 621 (1960).

"[A]n award of punitive damages is not favored generally because punitive damages are in the nature of a penalty and should be awarded only in the cases involving the most egregious conduct." *Bowers v. Westvaco Corp.*, 244 Va. 139, 150, 419 S.E.2d 661, 669 (1992); see also *Woods*, 265 Va. at 79, 574 S.E.2d at 269 ("[O]nly the most egregious set of facts will justify submitting the issue of punitive damages to a jury."). While courts have evinced a reluctance to permit punitive damages claims, "[i]f reasonable persons could disagree in their conclusions whether a defendant's alleged conduct was so willful or wanton as to show a conscious disregard for the right of others, a trial court may not remove the issue of punitive damages from the trial of a case." *Woods*, 265 Va. at 77, 574 S.E.2d at 268; see also *Smith v. Litten*, 256 Va. 573, 578-79, 507 S.E.2d 77, 80 (1998). Therefore, the trial court must examine the facts pleaded, and all reasonable inferences therefrom, and sustain a demurrer only if those facts are insufficient, as a matter of law, to support a claim for punitive damages.

A. *Punitive Damages Claim against Lavonda Deel and/or Bonnie Stanley*

In the Amended Complaint, Plaintiff alleges Defendant's Employees "had never installed a double infusion pump," but Plaintiff does not allege that either Defendant installed a double infusion pump. (Am. Comp. ¶ 14.) Plaintiff simply alleges Defendant's Employee(s) installed "an IV pain pump" and that "Defendant's employee had very few patients on IVs." (Am. Comp. ¶¶ 9, 15.) The Court finds these facts tend to show Defendant's Employees' inexperience. While performing this task with little experience might shock the conscious of a reasonable person, these facts do not demonstrate that Defendant's Employees conceived a probable risk of harm to Plaintiff and then proceeded to act in conscious disregard of that risk.

Plaintiff further alleges that Defendant's Employees "[f]ailed to install the IV properly," "[f]ailed to follow procedure," "[f]ailed to have the training necessary to perform such an installation," "[f]ailed to inspect," "[f]ailed to request assistance from a qualified individual," and "failed to

perform as a reasonable nurse under the circumstances." (Am. Comp. ¶ 22.) While these general factual allegations might suffice for a claim of simple or gross negligence, they do not "constitute intentional, malicious [or] reckless acts" as required for a claim of punitive damages.

Finally, Plaintiff asserts Defendant's Employees' conduct as a whole was negligent to the degree it "constitute[s] intentional, malicious, and reckless acts as such terms are defined by law." (Am. Comp. ¶ 25.) Yet, the Court cannot accept such bald legal conclusions. Instead, the Court must only consider those facts pleaded in the Amended Complaint. See *Fox v. Custis*, 236 Va. at 71, 372 S.E.2d at 374.

## B. *Punitive Damages Claim against SCHH*

Punitive damages may not be awarded against an employer for the conduct of its employee under a theory of *respondeat superior* unless the employer authorized, ratified, or participated in the employee's conduct. *Hogg v. Plant*, 145 Va. 175, 181, 133 S.E. 759, 761 (1926). Defendant SCHH demurred to the Complaint on the grounds that "Plaintiff has failed to plead sufficient facts upon which a reasonable jury could conclude that SCHH should be liable *respondeat superior* for punitive damages." (Def. Br. 8.) Insofar as the Complaint bases a claim for punitive damages upon a theory of *respondeat superior*, the Court agrees Plaintiff has not pleaded any facts to show SCHH authorized, ratified, or in any way participated in Defendant's Employees' alleged conduct.

Plaintiff has since filed an Amended Complaint, and she now bases the claim for punitive damages against SCHH on a theory of negligent retention. (Am. Comp. ¶¶ 26, 30.) As Defendant did not demur to this theory of punitive damages, the Court may not consider its sufficiency. See Va. Code Ann. § 8.01-273(A).

### III. *Conclusion*

For the aforementioned reasons, the Court sustains Defendants' demurrer with regard to Defendants' Employees because the facts contained within Amended Complaint are insufficient to support the claim for punitive damages. As Defendants did not demur to punitive damages on a theory of negligent retention, the Court overrules Defendants' demurrer to punitive damages against SCHH.