# CIRCUIT COURT OF BUCHANAN COUNTY

Michelle Rife

v.

Buchanan County
Hospice *et al.*

January 8, 2015

Case No. 627-14

By Judge Patrick R. Johnson

The above-styled case is now before the Court on Defendant's Plea in Bar of the Statute of Limitations and Defendant's Demurrer to Plaintiff's Claim for Punitive Damages. The parties convened for a hearing on December 16, 2014, where Mr. Mark Brennan, counsel for Defendants, made an oral argument in support of both motions. Mr. Rob Starnes, counsel for Plaintiff, presented an argument in opposition. Prior to the hearing, both parties in attendance submitted memoranda to the Court in support of their respective positions, and at the conclusion of the hearing, both parties elected to stand on their written briefs. After thorough review of the court file, submitted briefs, and oral arguments presented at this hearing, the Court now makes the following ruling.

## I. *Background*

Plaintiff Michelle Rife, in her capacity as Administratrix of the Estate of Harold Wayne Ruble, asserts various claims pertaining to the alleged negligence of Defendant Buchanan County Hospice, doing business as Special Care Home Health (hereinafter "SCHH"), and one or more Registered Nurses, Defendants Bonnie Stanley and Lavonda Deel. (Comp. ¶¶ 6, 7.) Prior to his death, Harold Wayne Ruble (hereinafter the "Decedent") was receiving various nursing services from SCHH and its employee(s) Defendant Deel and/or Defendant Stanley. On September 7, 2010, the Defendants arrived at the home of the Decedent to install a

double infusion intravenous pump to deliver a dosage of both morphine and saline. (Comp. ¶¶ 9, 11, 16.) Plaintiff alleges that Defendant Deel and/or Defendant Stanley was unfamiliar with the installation procedure for such pump. While performing the installation, Defendant Deel and/or Defendant Stanley mistakenly crossed the morphine and saline lines causing the Decedent to receive a massive overdose of morphine.

The Court must note that the present suit is a personal injury-survivorship action, not a wrongful death action, because the overdose did not cause the Decedent's death. Rather, the Decedent died from unrelated causes ·subsequent to the incident in question but prior to the filing of the suit.

This suit was originally filed on September 4, 2010, as Case No. 553-12. The first complaint in Case No. 553-12 (hereinafter the "Original Complaint") alleged the claims of negligence and gross negligence both against Defendants Deel and/or Stanley as well as SCHH under a theory of *respondeat superior*. On November 1, 2013, Rife filed an amended complaint (hereinafter the "Amended Complaint") which added several additional allegations of fact as well as a claim for negligent retention against SCHH. (See Am. Comp. ¶¶ 20-26.) Following the amendment, the Court sustained in part the defendants' demurrer to Rife's claim for punitive damages. *See Rife v. Buchanan County Hospice*, 87 Va. Cir. 270, 273 (Buchanan County 2013). Plaintiff then elected to suffer a voluntary nonsuit.

Plaintiff refiled the suit on June 24, 2014, as the present suit, Case No. 627-14, against SCHH, Stanley, and Deel. Again, Defendants assert that Bonnie Stanley and Lavonda Deel are the same person. As the Plaintiff has, again, not conceded this fact, the Court will presume, for purposes of this Opinion, that they are in fact two separate employees. The present complaint (hereinafter the "Third Complaint") is substantially the same as the Amended Complaint; while it contains some minor differences, the factual allegations are virtually identical. Defendants filed both a Plea in Bar of the Statute of Limitations and a Demurrer to Punitive Damages. The Court will address each in turn.

## II. *Plea in Bar of the Statute of Limitations*

Defendant SCHH first asserts a plea of statute of limitations to Plaintiff's claim of negligent retention. In support thereof, SCHH notes three facts which appear on the face of the record: the alleged injury occurred on September 7, 2010; the Original Complaint was filed on September 4, 2012; and in paragraph 2 of the Original Complaint, Plaintiff alleges that Rife qualified as Administratrix of the Estate of Harold Ruble at a time prior to the filing of the Original Complaint. Thus, SCHH asserts that the applicable statute of limitations is the later of two years from the date of injury, pursuant to Va. Code § 8.01-243(A), or one year from the qualification of Rife, under Va. Code § 8.01-229(B)(1). SCHH argues that,

even if Rife qualified as Administratrix on September 3, 2012, the latest period of limitation expired on September 3, 2013. Accordingly, SCHH argues that the statute of limitations has run because Rife did not assert a claim of negligent retention until November 1, 2013.

In opposition, Rife argues that her claim of negligent retention enjoys the benefit of the filing date of the Original Complaint under the Doctrine of Relation Back. Rife directs attention to the Original Complaint which contains language that Deel failed to adequately supervise Defendant Stanley. (*See* Orig. Comp. ¶ 19.) Rife argues that this language in the Original Complaint forms the factual foundation for her claim of negligent retention, namely that nurse in a supervisory role over Defendant Stanley. (*See* Pl. Opp. at ¶ 1.) Accordingly, Rife asserts that the claim of negligent retention has an antecedent factual basis in the Original Complaint and, therefore, is timely under the Doctrine of Relation Back.

Defendant SCHH replies that the negligent retention claim does not have footing in the Original Complaint. At the oral hearing, SCHH argued that a claim of negligent supervision and a claim of negligent retention are two different claims requiring two different allegations of fact: the former requires negligence of a supervisory employee, and the latter requires negligence of the parent corporation. SCHH emphasizes that an employee, supervisory or otherwise, and the parent corporation are two separate parties. SCHH argues that to claim each was negligent requires two distinct allegations of fact. SCHH concludes that the negligent retention claim cannot relate back because there is no allegation in the Original Complaint that SCHH was negligent.

## A. *Standard of Review*

"A plea in bar presents a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party has the burden of proof on that issue." *Hilton v. Martin*, 275 Va. 176, 179-80, 654 S.E.2d 572, 574 (2008) (*citing Welchert Co. v. First Commercial Bank*, 246 Va. 108, 109 n. *, 431 S.E.2d 308, 309 (1993)). "Where no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented." *Niese v. City of Alexandria*, 264 Va. 230, 233, 564 S.E.2d 127, 129 (2002) (*quoting Lostrangio v. Laingford*, 261 Va. 495, 497, 544 S.E.2d 357, 358 (2001)). In this instance, "[t]he facts as stated in the pleadings by the plaintiff are taken as true for the purpose of resolving the special plea." *Id.*

## B. *Relation Back*

The Doctrine of Relation Back provides that a claim asserted in an amended pleading relates back to the date of the original pleading for purposes of the statute of limitations if:

(i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, (ii) the amending party was reasonably diligent in asserting the amended claim or defense, and (iii) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment.

Va. Code Ann. § 8.01-6.1. Virginia circuit courts are split regarding the effect of Va. Code § 8.01-6.1; certain circuits hold that Va. Code § 8.01-6.1 was merely the legislature's attempt to codify the common law as enunciated in *Vines v. Branch*, 244 Va. 185, 189, 418 S.E.2d 890, 893 (1992); other circuits have held that said statute reflects the legislature's intent to depart from the *Vines* test. *Compare Swanson v. Woods Serv. Ctr., Inc.*, 71 Va. Cir. 281, 282 (Roanoke County 2006) (stating "this Court remains of the opinion that § 8.01-6.1 is a codification of the common law"), *with Clark v. Britt*, 79 Va. Cir. 60, 66 (Fairfax County 2009) (stating Va. Code "§ 8.01-6.1 is a clear and unambiguous departure from the formulates assessment of elements set forth in the *Vines* test").

While the Supreme Court of Virginia has not squarely resolved the split among the circuits, the Court's decision in *Morrisette v. Warden of the Sussex I State Prison*, 270 Va. 188, 613 S.E.2d 551 (2005), is enlightening. In *Morrisette*, an inmate filed the original petition for writ of habeas corpus asserting, *inter alia*, claims of ineffective assistance of appellate counsel. After the statute of limitation had run, the inmate filed an amended petition seeking to assert an additional claim of ineffective assistance of trial counsel. The Court noted that the ineffective assistance of trial counsel was a new claim distinct from the claim of ineffective assistance of appellate counsel. Therefore, the Court noted the ineffective assistance of trial counsel claim did not relate back to the initial petition under Va. Code § 8.01-6.1 and was, therefore, time barred. *See id.*, at 190, n. 3, 613 S.E.2d at 555. By recognizing that the ineffective assistance of trial counsel did not relate back to the original petition because it was a new claim, the Supreme Court appeared to utilize the *Vines* test when analyzing Va. Code § 8.01-6.1.

After the enactment of Va. Code § 8.01-6.1, the Court of Appeals of Virginia similarly recognized that the "longstanding 'relation back' doctrine" is governed by the *Vines* test and, thus, the common law. *See Whitt v. Commonwealth*, 61 Va. App. 637, 654, n. 4, 739 S.E.2d 254, 262 (2013).

A comparison with Va. Code § 8.01-6 is even more enlightening. Va. Code § 8.01-6 permits parties to correct misnomers by way of amended pleadings, and that section also contains a relation back provision:

An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if . . . *the claim*

*asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading.*

Va. Code Ann. § 8.01-6 (emphasis added). Courts have interpreted this provision to mean an amended complaint relates back to the original pleading where the parties are the same and no new claims are added. *See Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 818, 97 S.E.2d 1, 5 (1957). This interpretation of Va. Code § 8.01-6 reflects an adoption of the common law doctrine of relation back, which has evolved into the *Vines* test. *See* 244 Va. at 189, 418 S.E.2d at 893 ("Where an amendment introduces a new cause of action . . . the amended action will not relate back to the beginning of the action so as to toll the statute of limitation."). Given that both Va. Code § 8.01-6 and Va. Code § 8.01-6.1 concern the amendment of pleadings and both statutes contain identical language in their relation back provisions, the well settled principle of *in pari materia* would be violated if the construction of Va. Code § 8.01-6.1 did not track the analogous portion of Va. Code § 8.01-6. *See Lucy v. County of Albemarle*, 258 Va. 118, 129, 516 S.E.2d 480, 485 (1999) (*quoting Prillaman v. Commonwealth*, 199 Va. 401, 405, 100 S.E.2d 4, 7 (1957)) ("The general rule is that statutes may be considered as *in pari materia* when they relate to the same person or thing, the same class of persons or things, or to the same subject or to closely connected subjects or objects. Statutes which have the same general or common purpose or are parts of the same general plan are also ordinarily considered as *in pari materia.*"); *see also McKinney v. Virginia Surgical Assocs., P.C.*, 284 Va. 455, 460, 732 S.E.2d 27, 29 (2012). Therefore, the Court is of the opinion that Va. Code § 8.01-6.1 mirrors Va. Code § 8.01-6 and reflects the common law test as enunciated in *Vines*: when a new claim is added in amended complaint, it does not relate back to the original complaint under Va. Code § 8.01-6.1.

A new cause of action has been introduced in an amended complaint if (i) recovery under the original complaint would bar recovery under the amended complaint, (ii) the factual allegations in the original complaint are insufficient to support claims in the amended complaint, or (iii) if both complaints have different measures of damages. *See Irvine v. Barrett*, 119 Va. 587, 591, 89 S.E. 904, 905 (1916); *Federal Land Bank v. Birchfield*, 173 Va. 200, 216, 3 S.E.2d 405, 411 (1939). Where an amended complaint merely expounds the factual allegations previously made, a new cause of action has not been introduced. *See Fein v. Payandeh*, 284 Va. 599, 607, 734 S.E.2d 655, 659-60 (2012). On the other hand, when an amended complaint asserts a cause of action that cannot be sustained by the facts in the original complaint, a new cause of action has been asserted. *See, e.g., Whalen v. Rutherford*, 86 Va. Cir. 560, 567-68 (Nelson County 2012).

## C. *Analysis*

In the present case, the additional claim of negligent retention, first asserted in the Amended Complaint, finds no factual basis in the Original Complaint. The tort of negligent retention "is based on the principle that an employer . . . is subject to liability for harm resulting from *the employer's negligence* in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm" others. *Southeast Apts. Mgmt., Inc. v. Jackman*, 257 Va. 256, 260-61, 513 S.E.2d 395, 397 (1999) (emphasis added). It is founded upon the negligence of the employer, not the employee. *Id.*; *Norfolk Protestant Hosp. v. Plunkett*, 162 Va. 151, 156, 173 S.E. 363, 365 (1934) (affirming verdict that hospital was liable for negligently retaining an incompetent nurse). Therefore, the factual allegations must include conduct on the part of the employer, in this case SCHH. *See Plunkett*, 162 Va. at 156, 173 S.E at 365 (holding evidence that the employer knew that an employee lacked sufficient education and training to perform nursing activities was sufficient to sustain a cause of action for negligent retention).

Plaintiff contends the claim of negligent retention is founded in Original Complaint at paragraphs 9 and 16. Paragraph 9 states that SCHH "sent [Defendant Stanley] to the residence of the Decedent to install an IV pain pump." (Orig. Comp. ¶ 9.) Contrary to Plaintiff's arguments at the hearing, this factual allegation does not tend to show that SCHH was negligent by maintaining Defendant Stanley in its employ; it merely shows that she was an employee of SCHH.

Furthermore, paragraph 16 states that "Defendant Deel, was negligent in falling below the standard of care for nurses in that she . . . failed to supervise [and] failed to provide the training necessary to perform such an installation. . . ." (Orig. Comp. ¶ 16.) With regard to this factual allegation, Plaintiff contends that Defendant Deel was employed in a supervisory role and, therefore, SCHH is liable for her alleged acts. (*See also* Orig. Comp. ¶ 7.) Even if Deel's conduct is imputed to SCHH, the facts in the Original Complaint are insufficient show that Deel or SCHH knew or should have known Stanley was dangerous and likely to cause harm. At best, the Court can glean two facts from the Original Complaint pertinent to negligent retention: Stanley was a Certified Nursing Assistant (Orig. Comp. ¶ 6), and Deel allowed her employees, and presumably Stanley, "to administer an IV without training." (Orig. Comp. ¶ 19.) The Original Complaint, as opposed to the subsequent revisions, did not contain an allegation that Stanley was dangerous, nor did it contain an allegation that Deel or SCHH knew or should have known Stanley was dangerous or was likely to cause harm. These requisite factual allegations pertain to SCHH's knowledge prior to the incident in question and are simply absent from the Original Complaint. Therefore, the Original Complaint is insufficient as a matter of law to sustain a cause of action for negligent retention, and the negligent retention

claim, first asserted in the Amended Complaint, does not relate back to the Original Complaint.

Assuming, *arguendo*, that Rife qualified as Administratrix as late as September 3, 2012, the statute of limitation for the claim of negligent retention expired on September 3, 2013. *See* Va. Code Ann. § 8.01-229(B)(1). The claim of negligent retention was first asserted in the Amended Complaint on November 1, 2013, and, thus, would be barred by the applicable statute of limitation. *See* Va. Code Ann. § 8.01-229(B)(1). Accordingly, SCHH's Plea in Bar should be granted.

### III. *Demurrer to Punitive Damages Claim*

Defendants also filed a Demurrer to the Punitive Damages claims. Deel and Stanley argue that Plaintiff has failed to allege facts sufficient to show willful or wanton conduct. (Demurrer at 5-8.) SCHH argues that Plaintiff has failed to allege facts that show it authorized, ratified, or participated in Deel and Stanley's conduct. Therefore, Defendants request that the punitive damages claim be dismissed.

From the outset, the Court again notes that the factual allegations in the Third Complaint are virtually identical to those in the Amended Complaint except for two new factual allegations. (*See* Third Comp. ¶¶ 19, 20.) Not surprisingly, Defendants' arguments are also virtually identical to those raised in Case No. 553-12. When addressing these arguments in Case No. 353-12, the Court held that Plaintiff had failed to allege sufficient facts to maintain either theory of punitive damages. *See Rife*, 87 Va. Cir. at 273. At the oral hearing. Plaintiff asked that the Court reconsider its previous ruling in light of *Alfonso v. Robinson*, 257 Va. 540, 514 S.E.2d 615 (1999), and these additional facts.

### A. *Standard of Review*

"A demurrer tests the legal sufficiency of a pleading and can be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *Kitchen v. City of Newport News*, 275 Va. 378, 385, 657 S.E.2d 132, 136 (2008) (quoting *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 914 (2001)). "A demurrer admits the trust of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts." *Cox Cable Hampton Rds. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991) (quoting *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991)). "To survive a challenge by demurrer, a pleading must be made with `sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Eagle Harbor, L.L.C v. Isle of Wight County*, 271 Va. 603, 611, 628 S.E.2d 298, 302 (2006) (quoting *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967)).

## B. *Analysis*

A claim for punitive damage can only survive demurrer if it is supported by factual allegations in the pleadings that set forth intentional misconduct, malice, or willful or wanton negligence. "Willful and wanton negligence is action undertaken in conscious disregard of another's rights or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Woods v. Mendez*, 265 Va. 68, 76-77, 574 S.E.2d 263, 268 (2003). Knowledge is the touchstone for willful and wanton negligence.

In *Alfonso v. Robinson*, Alfonso was operating a tractor trailer on Route 95 when the truck stalled. Alfonso was able to steer the truck into the right hand lane, but he was unable to restart the truck. Robinson then collided with the truck, which remained parked in the right lane of travel. At trial, Alfonso testified that he took several classes regarding interstate truck driving which included specific training on how to alert other drivers to a disabled truck. *Alfonso*, 257 Va. at 543-44, 514 S.E.2d at 617. The Court characterized him as "a professional driver who had received specialized safety training warning against the very omissions he made prior to the accident." *Id.* at 257 Va. at 546, 514 S.E.2d at 619. The Court stated that "[d]espite this training and knowledge, Alfonso consciously elected to leave the disabled truck in a travel lane of an interstate highway without placing any warning devices behind it." *Id.* at 546, 514 S.E.2d at 619. The Court held that Alfonso's failure to employ his training when his truck was disabled at night and while parked in a lane of travel raised a jury question on the issue of willful and wanton negligence. *Id.* at 546-47, 514 S.E.2d at 619.

It is essential to note that Alfonso's omissions were not willful and wanton by mere virtue of the fact that he was a professional truck driver. Rather, the Court found his omissions may have risen to the level of willful or wanton conduct because Alfonso conceived, or should have conceived, a probable risk of harm in light of his specialized training applicable to the particular situation he was presented with. Therefore, the defendant's status as a "professional" alone is not dispositive; the proper inquiry is into the totality of the circumstances in light of the defendant's professional training.

In the present case, Plaintiff argues that Defendants Deel and/or Stanley's conduct was willful or wanton because both are professional nurses. (Demurrer Resp. at ¶¶ 2, 10.) As a result of their professional training, Plaintiff argues that Defendants "know that the failure to properly set up an IV can cause serious injury or death." (Demurrer Resp. at ¶ 10.) The Court notes that, by itself, their status is insufficient to establish willful or wanton conduct.

Turning to the facts alleged in the complaints, previous revisions of the complaint merely alleged that Defendants Stanley and/or Deel "failed to inspect." (Orig. Comp. ¶ 15(c); Am. Comp. ¶ 22(d).) Alone, this general factual allegation establishes no more than simple negligence. *See Harris v.*

*Harman*, 253 Va 336, 340, 486 S.E.2d 99, 101 (1997) ("Simple negligence is the failure to use the degree of care an ordinary person would exercise to avoid injury to another."). In refiling the nonsuited action, Plaintiff alleges two facts, among others, in the Third Complaint which were not previously alleged:

> 19. Defendant Stanley installed the IV pump incorrectly reversing the lines.

> 20. Defendant Stanley after having installed the pump knowing that she had little to no experience *consciously and with disregard chose not to inspect the lines* (as any inspection of the lines would have revealed the lines were reversed).

(Third Comp. ¶¶ 19, 20 (emphasis added)). The addition of these paragraphs, Paragraph 20 in particular, alleges conduct beyond negligence which shocks the conscience. Paragraph 20 alleges that Defendants Deel and/or Stanley made the conscious choice not to inspect the IV lines. This allegation adds the knowledge component that was lacking in the Original and Amended Complaints. Taking all facts pleaded in the Third Complaint as true, the Court finds that the allegations are sufficient to show that Defendants acted with reckless indifference to the consequences of their actions, with knowledge of circumstances — namely, that they were administering morphine, a powerful medication capable of causing death, to a seriously ill patient — indicating that they would probably cause injury to the Decedent.

With regard to Plaintiff's claim for punitive damages against SCHH predicated upon the theory of *respondeat superior*, the Court notes that Plaintiff has not presented any additional facts or argument aside from those previously presented with regard to the Original and Amended Complaints. Accordingly, the Court sustains the demurrer because Plaintiff has failed to allege facts that demonstrate SCHH authorized, ratified, or participated in the employees' conduct. *See Hogg v. Plant*, 145 Va. 175, 181, 133 S.E. 759, 761 (1926). As the Court has previously sustained Defendants' Plea in Bar to the claim of negligent retention, the Court declines to address the demurrer to this claim.

## IV. *Conclusion*

For the aforementioned reasons, the Court grants Defendant SCHH's Plea in Bar of the Statute of Limitations to the claim of negligent retention. Furthermore, the Court sustains Defendants' Demurrer to the claim of punitive damages against SCHH. Finally, the Court overrules Defendants' Demurrer to the claims for punitive damages against Deel and Stanley because the facts in the Third Complaint, if true, are sufficient to establish a claim for punitive damages.