**Danilo GARCIA and Teresa Garcia, Plaintiffs,**

v.

**U.S. BANK, Defendant.**

**Civil Action No. 2:15cv394.**

United States District Court, E.D. Virginia, Norfolk Division.

Signed Oct. 13, 2015.

John Edwin Bedi, John E. Bedi, Attorney at Law, Virginia Beach, VA, for Plaintiffs.

Timothy James St. George, Troutman Sanders LLP, Richmond, VA, for Defendant.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court on the Motion to Dismiss ("Motion"), ECF No. 5, and Memorandum in Support, ECF No. 6, filed by the Defendant, U.S. Bank, on September 10, 2015. The Plaintiffs, Danilo Garcia and Teresa Garcia, filed their Response, ECF No. 7, and Memorandum in Opposition, ECF No. 8, on September 24, 2015. The Defendant filed its Reply on September 30, 2015. ECF No. 9. This matter has been fully briefed and is ripe for review.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Because this matter arises from a motion for dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the sparse facts alleged in the Complaint are assumed to be true and viewed in the light most favorable to the Plaintiffs.[2] In February 2004, the Plaintiffs entered into a loan agreement ("Agreement") with the Defendant to finance the purchase of a boat. Compl. ¶ 4, ECF No. 1–1. The Plaintiffs borrowed $87,000, plus financing fees, and granted the Defendant a security interest in the boat as collateral for the loan. *Id.* ¶ 6, Ex. A, ECF No. 1–2. Under the terms of the Agreement, the Plaintiffs were to make set monthly payments for 180 months, beginning April 4, 2004. *Id.*

1. On October 7, 2015, the Defendant notified the court that it had conferred with Plaintiffs' counsel and none of the parties request oral argument on the Motion. ECF No. 10. The court agrees that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. *See* Fed.R.Civ.P. 78(b); E.D. Va. Loc. Civ. R. 7(J).

2. *See infra* Part II.

Ex. A. The Plaintiffs would be in default on the contract if (1) they failed to perform any obligation undertaken in the contract, or (2) the Defendant, in good faith, believed the Plaintiffs could not, or would not, pay or perform the obligations undertaken in the contract. *Id.* The Agreement further stipulated that the Defendant could not accelerate payment or repossess the secured property because of late payment or non-payment of an installment if the Plaintiffs made full payment within ten days of the date on which the installment was due. *Id.*

The Agreement also specified the remedies available to the Defendant if the Plaintiffs were in default. One remedy was to take immediate possession of the secured property by legal process or self-help. Mem. Supp. Ex. A, ECF No. 6-1.[3] The Defendant could then sell the property and apply the proceeds to the costs of the sale and the Plaintiffs' outstanding obligations. *Id.* If notice of an intended sale of the property was required, the parties agreed notice would be reasonable if mailed to the Plaintiffs' address, as reflected in the Defendant's records, at least ten days prior to the date of the intended sale. *Id.* Finally, the Defendant was authorized to take possession of any personal property left on the secured property when the secured property was taken into possession, subject to the Plaintiffs' right to recover such property. Compl. Ex. A.

On October 31, 2014, the Defendant repossessed the Plaintiffs' boat from a storage facility. *Id.* ¶¶ 7, 9. The Defendant then sold the boat on November 19, 2014. *Id.* ¶ 11. Personal property stored on the boat was also taken and never returned to the Plaintiffs. *Id.* ¶¶ 14, 22. The Plaintiffs allege this repossession was wrongful because they were not in default on the loan and had made all monthly payments due. *Id.* ¶¶ 8, 9, 11, 16.

The Plaintiffs filed a Complaint in the Circuit Court for the City of Norfolk, Virginia, on August 4, 2015, alleging four claims arising from the repossession of the boat and the property stored thereon. The Defendant removed the case to this court on September 9, 2015, based upon 28 U.S.C. § 1332 (diversity jurisdiction). Notice of Removal, ECF No. 1. On September 10, 2015, the Defendant filed the instant Motion, arguing that the Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). ECF No. 5.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility means that

---

**3.** The copy of the Agreement attached to the Complaint as Exhibit A does not capture the full second page of the agreement. The Defendant provided a complete copy. *See* Mem. Supp. Ex. A. The court will consider the Defendant's exhibit in evaluating the facts pled in the Complaint, although it is not part of the Plaintiffs' pleadings, because the Agreement is referenced in the Complaint. *See Silverman v. Town of Blackstone*, 843 F.Supp.2d 628, 631 (E.D.Va.2012).

a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

The Supreme Court, in *Twombly* and *Iqbal*, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. *E.g.*, *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir.2005). After so doing, the court should not grant the Defendant's Motion if the Plaintiffs "demonstrate more than 'a sheer possibility' " that the Defendant has acted unlawfully, by "articulat[ing] facts, when accepted as true, that 'show' that the [Plaintiffs have] stated a claim entitling [them] to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir.2009) (quoting *Iqbal*, 556 U.S. at 677–78, 129 S.Ct. 1937).

The court may consider the facts alleged on the face of the complaint, as well as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Silverman v. Town of Blackstone*, 843 F.Supp.2d 628, 631 (E.D.Va.2012) (citations omitted). The court may also look to documents incorporated by reference in the complaint without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See id.* (citing *Pueschel v. United States*, 369 F.3d 345, 353 n. 3 (4th Cir.2004)).

## III. ANALYSIS

### A. Count I—Breach of Contract

■ In Count I, the Plaintiffs allege that the Defendant breached the Agreement by repossessing the boat when the Plaintiffs had not defaulted. Compl. ¶¶ 16–17. The elements of a breach of contract claim under Virginia law are "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach." *Ramos v. Wells Fargo Bank, N.A.*, 289 Va. 321, 770 S.E.2d 491, 493 (2015). The Defendant argues that the second element, a violation or breach, was not adequately pled. Mem. Supp. at 5–6. The Defendant contends the Plaintiffs have not pled that they made timely payments throughout the life of the loan, only that they were current as of the date of the repossession. *Id.* at 6. The Defendant implies that there was a prior default by the Plaintiffs that authorized the repossession, even if the Plaintiffs had become current by the date of the repossession.

■ The Plaintiffs state in the Complaint that they "had not defaulted" and "were not in default" when the boat was repossessed. Compl. ¶¶ 16, 17. The court must accept these factual statements alleged by the Plaintiffs as true and view them in the light most favorable to the Plaintiffs.[4] The statement that the Plaintiffs "had not defaulted" prior to the repossession date, *id.* ¶ 16, can naturally be read to mean they were not in default at any time prior to this date, not just that they

---

4. *See supra* Part II.

were current on payments as of the date of the repossession. Therefore, the Plaintiffs have adequately alleged that they had not, at any time, defaulted on the Agreement. Taking this as true, the repossession of the boat by the Defendant was not authorized under the Agreement and constituted a breach. The other two elements of a breach of contract claim are not contested. Accordingly, the Plaintiffs have sufficiently stated a claim for breach of contract. The Defendant's Motion is **DENIED** with respect to Count I of the Complaint.

### B. Count II—Violation of Notice Requirements of the UCC and the Code of Virginia

In Count II, the Plaintiffs allege the Defendant did not provide them with any notice prior to the sale of the repossessed boat, in violation of the notice requirements of the UCC and the Code of Virginia. Compl. ¶ 19.[5] A secured party may take possession of the collateral after default by the debtor and sell or otherwise dispose of the property in a commercially reasonable manner. Va.Code § 8.9A–609 to –610. However, a secured party that intends to sell or otherwise dispose of the collateral must provide a notification of such disposition to the debtor. *Id.* § 8.9A–611. Notice sent ten days or more before the earliest time of disposition set out in the notification is considered to be sent within a reasonable time before disposition. *Id.* § 8.9A–612.[6] A debtor has a claim under the UCC, as adopted into Virginia law, if such notice was not provided in the appropriate time frame and with the necessary content. *See Barnette v. Brook Road, Inc.*, 457 F.Supp.2d 647, 657–

59 (E.D.Va.2006); *Padin v. Oyster Point Dodge*, 397 F.Supp.2d 712, 724–25 (E.D.Va. 2005); *Cappo Mgmt. V, Inc. v. Britt*, 282 Va. 33, 40, 711 S.E.2d 209, 212 (2011).

In response to this claim, the Defendant alleges a notice of default and pending disposition was sent on September 11, 2014. Mem. Supp. at 7. The boat was sold on November 19, 2014, Compl. ¶ 11, so the Defendant alleges the notice was timely. Mem. Supp. at 7. The Defendant submits the notice of default and pending disposition ("Notice") allegedly sent to the Plaintiffs as an exhibit to the Memorandum in Support. *Id.* Ex. B, ECF No. 6–2.

In considering a motion to dismiss, the court may consider the facts alleged on the face of the complaint, exhibits attached to the complaint, and documents incorporated by reference. *See Silverman v. Town of Blackstone*, 843 F.Supp.2d 628, 631 (E.D.Va.2012) (citing *Pueschel v. United States*, 369 F.3d 345, 353 n. 3 (4th Cir.2004)). The Notice submitted by the Defendant does not qualify as a document incorporated by reference. It does not present facts alleged in the complaint and merely provide an alternative source for these facts. *See Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 n. 7 (4th Cir. 1988). Instead, it attempts to introduce facts to contradict those in the Complaint. Because this exhibit presents matters outside the Plaintiffs' pleadings, consideration of this additional evidence would require the Motion to Dismiss to be treated as a motion for summary judgment. *See* Fed. R.Civ.P. 12(d). Alternatively, the court can exclude the evidence, *see id.*, and the court will do so here.[7] The Notice submit-

---

5. The Plaintiffs cite Virginia Code sections 8.9–504 and 8.9A–611 as the statutory basis for this claim. Compl. ¶ 19. Section 8.9–504 was repealed effective July 1, 2001. The relevant Code of Virginia provisions on notice prior to disposition of collateral after default are sections 8.9A–611 to –614.

6. The terms of the Agreement did not alter the ten-day statutory period. Mem. Supp. Ex. A.

7. Even if the court were to consider the Notice as incorporated by reference in the Complaint, it does not meet the statutory requirements for notice before disposition. "It is the secured party's repossession of the collateral,

ted by the Defendant is not considered in ruling on the instant Motion.

■ The Plaintiffs pled that their boat was repossessed and later sold by the Defendant, and they were not provided notice of the sale. Compl. ¶¶ 9, 11, 19. These allegations, while sparse, are sufficient to state a claim for violation of the notice requirements of the UCC, as adopted into Virginia law. Accordingly, the Defendant's Motion is **DENIED** with respect to Count II of the Complaint.

### C. Count III—Violation of the Fair Credit Reporting Act

The Plaintiffs agree that they did not plead the required elements of Count III and that the claim should be dismissed. Mem. Opp'n at 2. Accordingly, Count III is DISMISSED for failure to state a claim upon which relief can be granted.

### D. Count IV—Trespass to Chattels

■ Count IV alleges a claim in tort for trespass to chattels, for the Defendant's seizure of the boat and personal property stored on the boat. Compl. ¶¶ 22–24. A trespass to chattels claim arises when a party "intentionally uses or intermeddles with personal property in rightful possession of another without authorization." *America Online, Inc. v. IMS*, 24 F.Supp.2d 548, 550 (E.D.Va.1998). One who commits a trespass to chattels is liable to the rightful possessor "if the chattel is impaired as to its condition, quality, or value." *Id.* The trespasser is liable for actual damages suffered by reason of the loss of the use of the property. *Vines v.*

*Branch*, 244 Va. 185, 190, 418 S.E.2d 890, 894 (1992).

■ The Defendant argues that it was authorized, under the terms of the Agreement, to repossess the boat and the personal property after the Plaintiffs defaulted. Mem. Supp. at 9–10. As discussed above, the Plaintiffs have sufficiently pled that they were not in default on the loan at any time. Compl. ¶¶ 11, 23.[8] The Plaintiffs allege that the Defendant took the boat and personal property stored on it without permission. *Id.* ¶ 22. Subsequently, the Defendant sold the boat, *id.* ¶ 11, and the personal property was never returned. *Id.* ¶ 24. Thus, the Plaintiffs have adequately pled (1) the Defendant intentionally intermeddled with the boat and associated personal property by repossessing the boat; (2) the property was in the rightful possession of the Plaintiffs, as owners; and (3) this was done without authorization, because they were not in default on the Agreement. Finally, they allege damages for loss of the use of the property. Compl. ¶¶ 12, 14. This states a claim for trespass to chattels with respect to both the boat and the personal property.

■ The Defendant also argues the claim fails under the economic loss rule. Mem. Supp. at 10. This rule prevents recovery in tort for economic losses suffered as a result of the breach of a duty assumed by agreement, rather than a duty imposed by law. *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004). The law of contracts provides the sole redress

---

not necessarily the default, that triggers the notice requirement." *Cappo Mgmt. V, Inc. v. Britt*, 282 Va. 33, 40, 711 S.E.2d 209, 212 (2011) (quoting *Barnette v. Brook Road, Inc.*, 457 F.Supp.2d 647, 659 (E.D.Va.2006)). Here, the Notice was sent prior to the repossession date of October 31, 2014. It is therefore inadequate to satisfy the notice requirements at issue here, i.e. those pertaining to

notification prior to the sale of repossessed property. Additionally, Virginia law provides rules governing the content of the notification before disposition, *see* Va.Code §§ 8.9A–613 to –614, with which the Notice does not appear to comply.

**8.** *See supra* Part III.A.

for economic losses resulting from disappointed economic expectations. *Rotonda Condo. Unit Owners Ass'n v. Rotonda Assocs.*, 238 Va. 85, 90, 380 S.E.2d 876, 879 (1989). Such losses are distinguished from claims for injuries to persons or property, which are recoverable in tort. *See Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988). The economic loss rule thus restrains efforts to put a "tort label" on facts that only support a breach of contract claim. *City of Richmond v. Madison Mgmt. Grp., Inc.*, 918 F.2d 438, 446 (4th Cir.1990). The rule is not implicated, however, if a defendant appears to have breached a duty imposed by law, not by contract, giving the plaintiff a genuine foundation for a tort claim. *Id.*

▇▇▇ In some circumstances, the actions of a party breaching a contract can establish both a breach of the contract terms and a tortious breach of a duty. *Foreign Mission Bd. of S. Baptist Convention v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). This requires the duty breached to be a common law duty, not one existing solely by virtue of the contract. *Id.* Additionally, the tort alleged must be an independent, willful tort under Virginia law, not merely a claim of negligence. *Se. Wholesale Corp. v. Cox Commc'ns Hampton Roads, LLC*, No. 2:12cv701, 2013 WL 2147478, at *9 (E.D.Va. May 14, 2013). For example, "the duty not to convert the property of another for one's own purposes is owed by everyone to everyone." *Hewlette v. Hovis*, 318 F.Supp.2d 332, 337 (E.D.Va.2004). Conversion, therefore, constitutes a willful, independent tort that can be brought along with a contract claim arising out of the same breach. *Id.*

▇▇▇ Like conversion, trespass to chattels is a willful, independent tort. *See Mahdavi v. NextGear Capital, Inc.*, No. 1:14cv648, 2015 WL 1526538, at *3

(E.D.Va. Apr. 3, 2015) (noting that both trespass to chattels and conversion are intentional torts). The duty not to intermeddle with the personal property of another is "owed by everyone to everyone." *See Hewlette*, 318 F.Supp.2d at 337. Plaintiffs pled a violation of this duty by alleging the Defendant took possession of their boat and personal property without authorization. The Defendant, therefore, is not entitled to the protection of the economic loss rule, which protects only those defendants who have breached *only* contractual duties. *See City of Richmond*, 918 F.2d at 447. This case is not one where "no cause of action would exist but for the violation of the contractual duties of the parties." *Bennett v. Bank of America, N.A.*, No. 3:12CV34-HEH, 2012 WL 1354546, at *9 (E.D.Va. Apr. 18, 2012). Accordingly, the Defendant's Motion is **DENIED** with respect to Count IV of the Complaint.

## IV. SUMMARY

For the foregoing reasons, the Plaintiffs' claim for violation of the Fair Credit Reporting Act (Count III) is **DISMISSED**. The Defendant's Motion to Dismiss is **DENIED** with respect to Counts I, II, and IV of the Complaint.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel of record for all parties.

**IT IS SO ORDERED.**